THE STATE, USE OF W. P. TOWLER, *v.* SUSAN S. SHACKLE-FORD, ADMINISTRATRIX, ET AL.

1. BOND.   *Of guardian.   Retrospective operation.   Liability of sureties.*
   Where a guardian's bond does not plainly express the intention that it shall have a retrospective operation, the sureties thereon are not liable for the value of property of the ward which the guardian had sold and converted to his own use before the execution of the bond.

2. SAME.   *Guardian's duty to account.   Sureties sued for his failure to account.*
   The sureties on a guardian's bond, conditioned that "he shall faithfully account with the court for the management of the property and estate of the ward, and shall in all respects perform the duty of guardian," are not liable for the failure of the guardian to account for the value of property of the ward converted by the guardian to his own use before the execution of the bond.

ERROR to the Circuit Court of Madison County.

Hon. S. S. CALHOON, Judge.

This action was brought for the use of W. P. Towler, against E. J. Bowers (administrator of the estate of W. M. Towler), J. R. Powell, and C. C. Shackleford, upon the bond of W. M. Towler as guardian of the usee, Powell and Shackleford being the sureties.   The conditions of the bond were as follows : —

"If the guardian shall faithfully discharge all the duties required of him by law, and shall faithfully account with the Probate Court of

Madison County for the management of the property and estate of his ward, and shall also deliver up said property, with its increase and profits, agreeably to the order of said court or the directions of law, and shall in all respects perform the duty of guardian to said ward, then this obligation shall cease," etc.

The contest here arises upon the second count of the declaration, which is as follows : —

" And the said W. M. Towler was also, during his guardianship of said W. P. Towler, indebted to said W. P. Towler in a large sum of money, to wit, in the sum of $5,866, for the value of certain negro slaves, of the sole and separate estate of said W. P. Towler, which came to the possession of said W. M. Towler, guardian as aforesaid, and which the said W. M. Towler, without legal right or authority, converted to his own use and benefit as of his own individual property, and disposed of the same as such, whereby said slaves were lost to said W. P. Towler ; and the said plaintiff avers that, by reason of the premises, the said W. M. Towler, in his lifetime, and the said Bowers, his administrator, since his death, became liable and accountable, on the guardianship aforesaid, to said W. P. Towler for the said sum of money ; but that neither the said W. M. Towler, in his lifetime, nor said Bowers, his administrator, since his death, ever rendered any account to said Probate Court, or to the Chancery Court of said county, of said sum of money, nor in any manner paid and satisfied said W. P. Towler for said sum of money, according to the terms and effect of said obligation here sued on."

The sureties pleaded as their sixth plea to the second count, in effect, that if any conversion or disposition of the ward's property by his guardian ever took place as alleged; it was before the execution of the bond sued on, namely, " in the month of November, 1859, and not thereafter, and not on or after the 13th of January, 1862, at which last-mentioned date said writing obligatory was executed." The plaintiff demurred to this plea, on the grounds ( 1 ) that it is not a sufficient answer to the grounds of action set forth, and ( 2 ) that it does not answer the averment that the slaves, as the property of the ward, came into the possession of the guardian while he was guardian, that it was his duty to account for them to the

court, and that he had never rendered any account thereof. The demurrer was overruled, and the plaintiff sued out a writ of error.

During the progress of the action in the lower court, C. C. Shackleford died, and Susan S. Shackleford became administratrix of his estate, and was made defendant in place of the decedent.

*A. H. Handy*, for the plaintiff in error.

1. The covenants of the bond bound the guardian to account to the court for the property and estate of the ward. The obligation to account is distinctly stated as a condition of the bond. The breach of duty here alleged is not that the guardian illegally converted to his own use the property of his ward before the date of the bond, but that the guardian was indebted to the ward for such conversion, and that he failed to render an account thereof after the execution of the bond, and by reason of such failure the property so converted was lost to the ward. The conditions of the bond were broken by the failure of the guardian to account.

2. If this failure to account was a breach of the duty of the guardian, and of the conditions of his bond, and renders him liable upon his bond, the same liability rests upon his sureties.

*John Handy*, for the defendants in error.

1. The question for determination is, whether the sureties on the guardian's bond are liable for the conversion of the ward's property by the guardian more than two years before the execution of the bond. It is not a question as to the guardian's liability.

2. A bond is never retrospective in its operation unless made so by statute, or by the terms of the bond itself. The "sureties do not undertake to be responsible for what has been improperly done, but only for what may be improperly done in the future. Their liability is not to be extended beyond the terms of the contract, when not further extended by statute." *Miller* v. *Stewart*, 9 Wheat. 680 ; *Mann* v. *Yazoo City*, 31 Miss. 574 ; *Lewenthall* v. *The State*, 51 Miss. 645 ;

*Farrar* v. *United States,* 5 Pet. 389 ; *Gordon* v. *Boyd,* 5 How. (U. S.) 29 ; *United States* v. *Giles,* 9 Cranch, 212 ; *Walthen* v. *Glass,* 54 Miss. 382.

CHALMERS, J., delivered the opinion of the court.

The pleadings present the question whether the sureties on a guardian's bond are liable for the value of the property belonging to the ward, which had been, by the guardian, sold and converted to his own use before the time of the execution of the bond. We answer the question in the negative. Penal bonds are never held to be retrospective in their operation, unless plainly so intended and expressed. The bond here sued on is manifestly prospective only. It is the settled doctrine of the Supreme Court of the United States that the sureties on official bonds of receiving and disbursing officers of the government can only be made liable for public money received before the date of the bond by averring and proving that the money was actually in the hands of the officer, and held by him as public money, at the date of the execution of the bond. If before that time it has been squandered or converted by the officer to his own use, the sureties are not bound, unless the letter of the obligation unmistakably indicates the assumption of liability for the past. *Farrar & Brown* v. *United States,* 5 Pet. 374 ; *United States* v. *Boyd,* 15 Pet. 206 ; *s. c.,* 5 How. 30.

There are no conditions in the bond here sued on which indicate any assumption, by the sureties, of past liabilities on the part of the guardian. In *The State* v. *Hull,* 53 Miss. 626, the bond sued on was held, under the statute, to be merely cumulative of the old one, and, necessarily, the new sureties made themselves liable to the same extent as were the old ones. It was just as if they had signed the old bond.

It is insisted that, by the terms of the bond, the sureties were liable for the guardian's failure to account with the court, and that the declaration (second count) averred a breach of duty in this respect. But the breach assigned is for a failure

to account with the court for the value of the property con-
verted before the execution of the bond. The sureties, not
being liable for the value of the property converted, are not
liable for the failure of the guardian to render an account of it.
  Affirmed.