## BOCKENSTEDT, GUARDIAN, v. PERKINS ET AL.

1. **Guardian: LIABILITY OF SURETIES: EVIDENCE.** A guardian was appointed October 13th, and on that day received the money which constituted the estate of his wards. He did not, however, qualify by giving the bond required until the 19th of October. *Held,* in an action against the sureties on the bond, that they were not liable for any default occurring prior to the execution of the bond; but that, · if the guardian had the money at the time when the bond was executed, they were liable if he failed to account for it, and that evidence that he had received it only six days previous was admissible as raising a presumption that he had it when the bond was executed.

2. ———: ———: EVIDENCE ON APPEAL. In such case, where the only evidence to sustain a judgment against the sureties was that the guardian had received the money six days before the bond was given, and that he had not accounted for it, *held* that the judgment could not be set aside on appeal as not being supported by the evidence.

*Appeal from Delaware District Court*—HON. C. F. COUCH, Judge.

THURSDAY, OCTOBER 20.

THIS is an action on a guardian's bond against the sureties thereon. The case was tried to the court without the intervention of a jury, and judgment was entered for plaintiff. Defendants appeal.

*J. H. Peters* and *E. C. Perkins,* for appellants.

*J. D. Alsop, C. D. Husted* and *Powers & Lacy,* for appellee.

REED, J.—W. A. Heath, the guardian on whose bond this action was brought, was appointed on the 13th day of October, 1875. A former guardian tendered his resignation of the trust on that day, which was accepted by the court, and he was ordered to turn over the estate of the wards to his successor. On the same day he paid to Heath the sum of $1,-566.90, which is all the property of the estate ever received by him. The bond sued on was not executed, however, until the 19th of October. Heath died without having accounted for the money, and it is for its recovery that the action was brought. The condition of the bond is that Heath "shall faithfully discharge the office and trust of such guardian, and shall render a fair and just account of such guardianship from time to time, whenever required thereunto by law, and render and pay to said minors all moneys, goods, chattels, title papers and effects which may come into the hands or possession of such guardian, belonging to such minors, when such minors shall be entitled thereto."

I. On the trial defendants objected to the evidence offered by plaintiff to prove the payment of the money to the guardian, on the ground that, as their only undertaking was that he would account for such property as should come into his hands after the execution of the bond, they were not responsible for his failure to account for the money, he having received it before that. It is true that defendants' undertaking was for the performance in the future of the duties of the guardianship. They are not responsible for any default which may have occurred before they signed the bond. But if Heath held the money when the bond was accepted, their undertaking covers it; for, in contemplation of law, it came into his hands as guardian at that time. The order appointing him was made previous to that, it is true, but the duties of the trust did not devolve upon him until he qualified, which was done when the bond was accepted. From that time they were responsible for his performance of the duties of the trust. Any competent evi-

*1. GUARDIAN: liability of sureties: evidence.*

dence which tended to prove that he held the money at that time was admissible.    The fact that he had received it but six days before that had some tendency to prove that it was in his hands at that time.    The evidence of that fact was therefore admissible.

II.  Plaintiff rested upon proof of the payment of the money to Heath, and that he had not accounted for it at the time of his death, which occurred in January, 1882.    It

2. ——:——: evidence on appeal.

was contended, however, that this did not show a default after the execution of the bond.    But we have held that the fact that he received the money so shortly before the execution of the bond had some tendency to prove that it was in his hands when the bond was given.    It has an equal tendency to prove that the default occurred later.    The action is at law, and we will not disturb the finding of the court if there was any evidence which reasonably sustains it. Considering the short period of time which elapsed between the payment of the money to Heath and the execution of the bond, the presumption reasonably is that he held it when the bond was accepted, and that the default occurred subsequently to that.

The finding of the district court on the question cannot, therefore, be disturbed.                    AFFIRMED.