CHARLES WELCH, JR., ADMINISTRATOR, ETC., v. AARON VAN AUKEN AND WILLIS W. HODGE.

*Guardian and ward—Incompetent person—Application by administrator of ward for leave to sue on guardian's bond —Estoppel—Certiorari.*

1. An order of the circuit court, setting aside an order of the probate court granting the administrator of the estate of an *incompetent* person leave to sue upon *his* guardian's bond to recover the balance found due on a final accounting, is properly reviewable upon *certiorari*, and the reversal of the order of the circuit court carries with it the re-instatement of the order of the probate court.

2. An application is properly made to the probate court under How. Stat. § 6331, by the administrator of the estate of an *incompetent* person, for leave to bring suit upon the bond of the guardian of the deceased, which is properly executed to the judge of said court.

3. The acceptance by the guardian of an *incompetent* person of his trust, and the taking possession by him of the estate of his ward, estop him and his surety from questioning the validity of his appointment in a suit by the administrator of the estate of the ward upon the guardian's bond to recover the amount found due by the probate court upon a final accounting by the guardian, from which he never appealed.

4. The fact that a portion of the estate of an incompetent person, in the hands of his guardian, consists of securities, which the guardian refuses to turn over to the administrator, will not affect the jurisdiction of the probate court to make an order granting leave to bring suit upon the guardian's bond, even if it becomes necessary to resort to the court of chancery to protect the interests of the estate.

*Certiorari* to Van Buren circuit court to review an order setting aside an order of the probate court granting leave to bring suit upon a guardian's bond. Argued July 11, 1889. Reversed, and probate order re-instated, October 11, 1889. The facts, and points of counsel *passed* upon by the Court, are stated in the opinion.

*E. R. Annable,* for petitioner.

*Osborn & Mills,* for respondents.

LONG, J. *Certiorari* to the circuit court of Van Buren county to review its proceedings in the above cause.

The proceedings were commenced by petition in the probate court to obtain leave from that court to bring suit on a guardian's bond. On appeal to the circuit the order made by the probate court granting such leave was set aside, and an order entered in the circuit court denying such leave. This writ is brought to reverse the order of the circuit court, and to re-instate the probate order.

The facts as they appeared in the probate and circuit courts, and as they appear here, are that on April 16, 1883, the probate court appointed defendant Van Auken guardian of the person and estate of Charles Welch, Sr., as an incompetent, requiring him to execute a bond pursuant to the statute in the penal sum of $5,000, to the probate judge, to secure the faithful performance of the trust, and accounting to that court.

Defendant Van Auken executed the required bond, with defendant Willis W. Hodge and one Alexander M. Harrison as sureties, which was filed and approved by the probate court. The guardian thereupon received his letters, entered upon the discharge of his duties, assumed the care of the incompetent, and took possession of his estate of $4,040, consisting of moneys and securities, and made an inventory thereof.

On September 20, 1887, the ward died intestate, and his son, the plaintiff in *certiorari*, was duly appointed administrator of his estate. The guardian thereupon voluntarily filed his final account to the probate court of that county, and prayed its allowance. The guardian appeared at the hearing, as did the administrator representing the estate. The probate court disallowed a portion, and allowed the remainder, of the guardian's account, and gave the guardian 60 days to settle with the administrator pursuant to its decree. This order was never complied with, nor appealed from, by the guardian. Thereupon the administrator obtained leave from the probate court to sue the guardian's bond to enforce compliance with the order on final accounting.

From this order the guardian and one surety, defendant Hodge, appealed to the circuit court, and that court reversed the order of the probate court, for the reason, among others, that the probate court never had jurisdiction to appoint the guardian, because the petition for his appointment averred the existence of persons interested in the

estate, who were not shown to have been served with notice of the petition for such appointment, and who did not appear on such hearing.

The contention of defendants' counsel here is that *certiorari* is not the proper remedy, for the reason that, if this Court reverse the order of the circuit court, the cause would be left to stand in the circuit court, and there to be tried *de novo*, and that no power is given in this Court to re-instate the case in the probate court.

This is not, however, a proceeding according to the course of the common law, and *certiorari* is the proper remedy. The reversal of the order of the circuit court, and the setting aside of such order, would, under the circumstances here, carry with it the re-instatement of the order of the probate court. The proceedings and order would seriously affect the rights of the parties, and the whole of the matters, so far as the right to bring suit upon the bond, are before us and open to review. What the rights of the parties may be in any suit brought upon the bond we cannot now inquire into, but the right to bring the suit is a question which may fully be disposed of here.

Chapter 227, How. Stat., provides that—

" All bonds, required by law to be taken in, or by order of, the probate court, shall be for such sum, and with such sureties, as the judge of probate shall direct, except when the law otherwise prescribes; and such bonds shall be for the security and benefit of all persons interested, and shall be taken to the judge of probate, except where they are required by law to be taken to the adverse party."

It is also provided by section 6331 that—

" Any bond given by a guardian may be put in suit by order of the judge of probate, for the use and benefit of the ward, or of any person interested in the estate; and the proceedings in such suit shall be conducted in like manner as is provided with respect to suits on the bonds of executors or administrators."

The bond was properly executed to the judge of probate, and, under the provision of the statute last quoted, the application was properly made to the probate court for leave to bring the action upon it.

The fact that others interested in the estate were not served with notice of the hearing on the petition for the appointment of defendant Van Auken as guardian can in no manner affect the right of the administrator to sue the bond. The son of the incompetent made the petition, appeared at the hearing, and no objection was made to the appointment of Mr. Van Auken as such guardian. He accepted the trust, took possession of the estate, and after the death of his ward appeared voluntarily in the probate court, and asked an adjustment and settlement of his account. The administrator appeared for the estate, and the probate court made such adjustment of the account as he thought just, and from which the guardian has never appealed. Those interested in the estate have acquiesced in the appointment of the guardian, the taking possession of the estate by him, and they now, being represented by the administrator, are calling upon the guardian to pay over the balance found in his hands upon such settlement. Demand has been made for these moneys and securities which the guardian holds, and he refuses to pay or surrender them.

The administrator, under the circumstances, has a right to bring suit on the bond. The amount owing the estate has been fully adjusted and determined, and it could not matter that some irregularity appeared in the proceedings for the appointment of the guardian. The parties who might have complained, or who could have taken the advantage of such irregularity, are not here complaining. They are seeking to obtain the moneys which came into the hands of the guardian under the appointment. The guardian and his bondsmen are seeking to avoid the effect of the appointment, and setting up the irregularities in the appointment. This they

cannot be permitted to do.   If such irregularities were found to exist, yet the acceptance of the trust by Mr. Van Auken, his taking possession of the estate, and at the death of his ward asking and obtaining from the probate court an adjustment and settlement of his guardian's account, estop him from taking advantage of such irregularities.   If his account was not properly adjusted, his remedy was to appeal from the decree of the probate court then made.

Some contention is made that the administrator should have filed his bill in chancery for an accounting with the guardian, as it appears that some of the effects of the estate in the hands of the guardian consist of securities, and that a money judgment could not be had in a suit on the bond.   It appears, however, that a demand has been made upon the guardian for these securities and moneys, and he refuses to turn them over to the administrator, who is now entitled to their custody.   It may be true that the guardian might yet turn them over and avoid the litigation, as there seems to be no dispute upon this record as to the amount and kind of assets so held by him.   But there can be no doubt of the jurisdiction of the probate court to make the order asked for and granted by that court, and even if it became necessary to go into a court of chancery to obtain the rights which the administrator is seeking for those interested in the estate, it does not follow that the order made, granting leave to sue on the bond, is void.

The circuit court was in error in setting aside the order made in the probate court.

It follows that the order made in the circuit court must be set aside, the case remanded to the probate court, and the order there made re-instated.   The plaintiff in *certiorari* will recover the costs of the circuit court and of this Court.

SHERWOOD, C. J., CHAMPLIN and MORSE, JJ., concurred. CAMPBELL, J., did not sit.