DAVID THOMSON, as Trustee of the Estate of BENJAMIN LORD,
Deceased, Appellant, *v.* AMERICAN SURETY COMPANY OF
NEW YORK, Respondent.

1. BONDS — SURETY NOT LIABLE FOR BREACH OF TRUST OF PRINCIPAL
BEFORE EXECUTION OF BOND — WHEN JUDGMENT AGAINST EXECUTRIX
OF TRUSTEE NOT EVIDENCE AGAINST SURETY IN ACTION ON THE BOND.
The surety upon the bond of a testamentary trustee, providing that the
trustee "shall faithfully execute the trust reposed in him," and "dis-
tribute * * * and account for all property and moneys that *shall*

*come* into his hands," is not liable for the failure of such trustee to account for moneys which came into his hands before the execution of the bond, and a judgment obtained against the executrix of such trustee for a balance of trust funds undistributed and unaccounted for at the time of his death, in an action brought by a substituted and succeeding trustee, is not evidence, in a subsequent action brought by that trustee against the surety for such balance, of the amount of damages to which such trustee is entitled for the alleged breach of trust of the deceased trustee; since the judgment against such executrix is a judgment *in personam* by which only privies are bound, and there was no privity between the surety and the executrix of the deceased trustee.

2. Surety not Liable for Costs of Action against Executrix of Principal. Since the judgment against the executrix of the deceased trustee does not bind the surety so as to fix the amount of damages claimed against the surety, the latter cannot be held to pay costs that were recovered by the substituted trustee in the action against such executrix and which were, by order of the court, made a part of the judgment in that action.

*Thomson* v. *American Surety Co.,* 56 App. Div. 113, affirmed.

(Argued February 18, 1902; decided February 25, 1902.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 21, 1901, affirming a judgment for nominal damages in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George Putnam Smith* for appellant. The referee erred in holding that the judgment in *Thomson* v. *Cruikshank* was admissible only to prove a breach of the condition of the bond. (*Thompson* v. *Denner,* 16 App. Div. 160; *Douglass* v. *Ferris,* 138 N. Y. 195; *French* v. *Dauchy,* 134 N. Y. 543; *Perkins* v. *Stimmel,* 114 N. Y. 359; *Gerould* v. *Wilson,* 81 N. Y. 573; *Deobold* v. *Oppermann,* 111 N. Y. 531; *McMahon* v. *Smith,* 24 App. Div. 28; *Altman* v. *Hofeller,* 152 N. Y. 502.) The referee erred in holding that the judgment in *Thomson* v. *Cruikshank* was not evidence of damage to plaintiff. (*Boles* v. *State,* 15 Ind. 321; *Berry* v. *Schaad,* 50 App. Div. 135.) The referee erred in holding that no proof was given by plaintiff which would justify an award of more

than nominal damages. (*Curl* v. *Meyer*, 51 App. Div. 9.) Defendant is liable for the whole sum claimed in the com-plaint. (*Scofield* v. *Churchill*, 72 N. Y. 565; *Beard* v. *Roth*, 35 Fed. Rep. 399; *Morris* v. *Morris*, 9 Heisk. 814; *Choate* v. *Arrington*, 116 Mass. 552; *Pinkstaff* v. *State*, 59 Ill. 148; *State* v. *Berning*, 74 Mo. 87; *Foster* v. *Wise*, 46 Ohio St. 20; *State* v. *Barrett*, 121 Ind. 92; *Bobo* v. *Vaiden*, 20 S. C. 271; *Pepper* v. *Donnelly*, 87 Ky. 259.)

*Roger A. Pryor* and *Henry C. Willcox* for respondent. That the evidence was sufficient to sustain the finding of the referee is not questionable in this court. (*Reed* v. *McCord*, 160 N. Y. 330; *Cronin* v. *Lord*, 161 N. Y. 90; *C. E. S. Co.* v. *A. T. Co.*, 161 N. Y. 605; *People* v. *Barker*, 155 N. Y. 322.) In the absence of special circumstances it was indispensable to an action against respondent that, in an accounting by Augustus Cruikshank or his executrix, a breach of his official bond be adjudged. (*French* v. *Dauchy*, 134 N. Y. 543; *Perkins* v. *Stimmel*, 114 N. Y. 359; *Haight* v. *Brisbin*, 100 N. Y. 219; *Hood* v. *Hood*, 85 N. Y. 561.) Except in cases where the surety may be held to indemnify his principal against the result of a suit, or where he is privy to a suit by notice, and the opportunity to defend being given him, a judgment against the principal is proof against the surety only of the fact of its recovery, and not that the facts *in pais*, against which the surety agreed to indemnify, were established in the litigation. (Baylies on Sureties, 140; *B. Ins. Co.* v. *Wilson*, 34 N. Y. 280; *Scofield* v. *Churchill*, 72 N. Y. 565; *Casoni* v. *Jerome*, 58 N. Y. 315; *Deobold* v. *Oppermann*, 111 N. Y. 531–537; *Berry* v. *Schaad*, 63 N. Y. Supp. 349; *Douglass* v. *Howland*, 24 Wend. 35; *Thomas* v. *Hubbell*, 15 N. Y. 405; *Miller* v. *White*, 50 N. Y. 137; *People* v. *Donohue*, 70 Hun, 317; *Thomson* v. *McGregor*, 81 N. Y. 592; *Clark* v. *Montgomery*, 23 Barb. 464.) Only parties and privies are affected by a judgment *in personam*. (*Casoni* v. *Jerome*, 58 N. Y. 315; *Douglass* v. *Ferris*, 138 N. Y. 192; Jessup on Surr. Prac. 688; *Matter of Moeh-*

*ring*, 154 N. Y. 423 ; *Long* v. *Long*, 142 N. Y. 545 ; *Potter* v. *Ogden*, 136 N. Y. 390 ; *Powers* v. *Speckman*, 126 N. Y. 354 ; *Matter of Clark*, 119 N. Y. 427 ; *Perkins* v. *Stimmel*, 114 N. Y. 359.) The condition of the bond plainly is for the future, and imposes a liability on the respondent only for a devastavit by its principal after the execution of the bond. (*Brooks* v. *Baker*, 9 Daly, 398 ; *Thomson* v. *McGregor*, 81 N. Y. 592 ; Pingrey on Suretyship, §§ 69, 273 ; *People* v. *Backus*, 117 N. Y. 196 ; *People* v. *Lee*, 104 N. Y. 441.) The fact that the obligation was joint and several does not make the Cruikshank judgment evidence against the respondent, since the judgment was not upon the bond. (*Rodini* v. *Lytle*, 52 L. R. A. 165.) On the facts of the case, the procedure for charging the surety was by an action in equity, to which appellant and the executrix of the deceased trustee were parties. (*Carow* v. *Mowatt*, 2 Edw. Ch. 57 ; *Haight* v. *Brisbin*, 100 N. Y. 219.) The equity of the case is with the respondent. (*Barnes* v. *Cushing*, 168 N. Y. 542.)

*Per Curiam.* The learned referee before whom this case was tried made a short decision, in substance as follows : This action is brought by plaintiff as trustee of one Benjamin Lord against the defendant company as surety, upon its bond, given for the faithful administration by Augustus Cruikshank, deceased, as prior trustee of said trust. The plaintiff charged that Cruikshank died without making a full or final distribution of the funds or property in his hands as such trustee, and alleged that this plaintiff, in an action brought by him against the executrix of said Cruikshank for an accounting of the moneys and property he received as such trustee, recovered a judgment against her, awarding him $13,176.42 of principal, added to which were interest and costs, making an aggregate recovery of $17,968.79.

On the trial of this action the said judgment was offered in evidence, not only to establish a breach of the defendant's bond, but also to fix the amount of damages which plaintiff was entitled to recover against this defendant by reason

thereof. No other proof of damages was offered at the trial, and the referee determined that the plaintiff was entitled only to nominal damages and chargeable with costs; judgment was entered to that effect. The Appellate Division unanimously affirmed this judgment.

The defendant's bond, executed in October, 1893, upon which this suit is brought, reads as follows: "Now, therefore, the condition of this obligation is such that if the said Augustus Cruikshank shall faithfully execute the trust reposed in him as such trustee, and shall faithfully pay over, distribute and divide and account for all the property and money which shall come to his hands as such trustee in accordance with the provisions of the said will; then the above obligation to be void, otherwise to remain in full force and virtue."

This court has held that where an engagement of a surety is for the future he cannot be made liable for the past, as to which he has not covenanted. (*Thomson* v. *MacGregor*, 81 N. Y. 592.)

A judgment requiring Cruikshank as trustee to pay over the sum of $87,653.53 was recovered in 1890, in the action of *Burrows* v. *Cruikshank*, in the Supreme Court, three years before the bond of the defendant herein was executed and ten years after Cruikshank was appointed trustee. Cruikshank died on the fourth day of October, 1894, and the plaintiff, as his successor, recovered the judgment against his executrix already referred to, for the balance of the above amount, apparently remaining in his hands, unadministered, at the time of his death.

It is clear, according to the tenor of the defendant's bond, that it was not responsible for any failure of Cruikshank to discharge the duties of his trust prior to its execution, or to account for moneys which came into his hands before that time.

The counsel for the appellant in referring to the case of *Thomson* v. *MacGregor*, above cited, endeavors to distinguish it by referring to the language in the bond there under consideration, which was on condition that if the receiver

8

" shall *henceforth* faithfully discharge the duties of his trust as such receiver, then this obligation is to be void," the argument of the counsel being that the word "henceforth" clearly makes it a bond rendering the surety liable only for the future acts of the receiver. It is, however, to be observed that the undertaking in the case at bar is that Cruikshank shall "faithfully pay over, distribute and divide and account for all of the property and money which *shall come* to his hands as such trustee," etc. The words "shall come" are words of futurity, as is, also, the word "henceforth," and upon the face of this bond there can be based no liability for the past failure of the trustee to discharge his duties under the trust. It is only privies who are bound by a judgment *in personam.* The defendant agreed to be bound by a judgment against Cruikshank, but there was no privity between the defendant and Anna C. Cruikshank, his executrix. This executrix was seized of the private estate of her testator, but as to the trust funds in the estate of Benjamin Lord she took no title. She was, indeed, the custodian of the trust property remaining in the hands of her testator at the time of his death, but she could not administer it, and was bound to turn it over to the substituted trustee when appointed, or to any other person legally authorized to receive the same.

The counsel for the appellant has referred to a number of cases, of which *Deobold* v. *Oppermann* (111 N. Y. 531) and *Douglass* v. *Ferris* (138 N. Y. 192) are examples. These are cases involving guardians', administrators' and other bonds, where the duty of the principal, guaranteed by the surety, was to account before a court of competent jurisdiction for the money or property that came to his hands by virtue of the trust. In such cases the surety is bound by the judgment recovered, and no defense is open to him unless he can show fraud or collusion. (*Annett* v. *Terry*, 35 N. Y. 256; *Scofield* v. *Churchill*, 72 N. Y. 565.)

The additional claim is made by the appellant that even if this judgment is not evidence of the amount of damages to which the plaintiff was entitled by reason of the alleged

breach, nevertheless he should recover the costs that were recovered by him in that action.

In the case of *Douglass* v. *Howland* (24 Wend. 35) it was held that where one party agrees to account and pay over such sum as shall be found to be owing by him, and a third person covenants that the party thus agreeing shall perform the agreement, that nevertheless a decree in chancery against the principal, in a cause on a bill filed to compel an account is not evidence against the party so agreeing unless he had notice of the suit and an opportunity to defend in the name of his principal. In that case the question of costs was up and Judge COWEN said: "That a surety upon a joint undertaking for his principal paying a debt can be made liable in any way for the costs of the suit against the latter solely seems to be a somewhat extraordinary position." It was there decided that no liability for costs existed; and it is equally clear here that if the judgment recovered against the executrix of Cruikshank does not bind this defendant so as to fix the amount of damages, it cannot be held to pay costs that were awarded to the plaintiff in that action.

The judgment appealed from should be affirmed, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, HAIGHT, MARTIN and VANN, JJ., concur; BARTLETT, J., not voting.

Judgment affirmed.