J. QUINTUS COHEN, as Trustee of the Estate of JOHN T. LEE, a Bankrupt, Respondent, *v.* AMERICAN SURETY COMPANY OF NEW YORK, Appellant.

1. BANKRUPTCY — EFFECT OF, ON PREVIOUS GENERAL ASSIGNMENT FOR CREDITORS — DUTY OF ASSIGNEE TO ACCOUNT TO TRUSTEE — FAILURE So TO DO A BREACH OF CONDITION OF BOND FILED UNDER PROVISIONS OF GENERAL ASSIGNMENT ACT. Where, within four months after the making of a general assignment for the benefit of creditors, the assignor, on the petition of certain of his creditors, is adjudged a bankrupt and a trustee in bankruptcy is appointed, the adjudication in bankruptcy supersedes the general assignment which becomes void as against the trustee in so far as it interferes with his administering the property assigned. The trustee becomes vested with the title to the property in the hands of the assignee, and it is his duty to take such property into his possession and collect from the assignee any moneys in his hands belonging to the estate of the bankrupt. Reading the General Assignment Act of this state (L. 1897, ch. 466) and the National Bankruptcy Act (30 U. S. Stat. at Large, 544) together, it appears that it is the duty of the assignee to account to the trustee for all moneys received by him, and his failure so to do constitutes a violation of the bond required to be filed under the provisions of section 5 of the General Assignment Act, as security for the faithful performance of his duties as such assignee, since he must be held to have accepted the trust and with his surety executed the bond in question with

knowledge of the provisions of the Bankruptcy Act, to the effect that the making of a general assignment for the benefit of creditors is an act of bankruptcy and that a petition in bankruptcy may be filed against the assignor within four months thereafter.

2. When Trustee in Bankruptcy Entitled to Maintain Action against Surety on Assignee's Bond to Recover Money Due Bankrupt's Estate. Where, therefore, a trustee in bankruptcy was appointed for such assignor, and in a proceeding for an accounting, thereafter brought by the assignee in a Federal court, of which proceeding his surety had notice, it was determined that a certain sum of money was due from the assignee to the bankrupt's estate, and a decree entered that it be paid to the trustee, which sum remaining unpaid a judgment was thereafter obtained by the trustee in an action brought by him to enforce the decree, and execution thereon having been returned unsatisfied, payment of the amount due on such judgment was demanded of the surety, but no part thereof was paid, the trustee, having obtained the permission of the Supreme Court of this state, is entitled to maintain an action therein against the surety to recover such amount, since, under the provisions of section 9 of the General Assignment Act, an action upon the bond, required to be filed by section 5 thereof, may be prosecuted by a party in interest by leave of the court, and the trustee in bankruptcy is a party in interest within the meaning of such section.

3. Same. The proceeding in the Federal court having been instituted by the assignee, he thereby consented to the jurisdiction of the court, which, by such consent and under the provisions of section 23 of the Bankruptcy Act, acquired jurisdiction to determine the amount owing by him to the trustee; and the assignee having failed to pay the amount thus found to be due, a breach of the condition of the bond is established, so that the trustee is entitled to recover from the surety in an action on the bond.

*Cohen* v. *American Surety Co.*, 123 App. Div. 519, affirmed.

(Argued March 30, 1908; decided May 19, 1908.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 25, 1908, which reversed a judgment of Special Term sustaining a demurrer to and dismissing the complaint, and overruled such demurrer.

The nature of the action, the facts, so far as material, and the questions certified are stated in the opinion.

*Charles M. Demond* and *Henry C. Willcox* for appellant. The trustee in bankruptcy is a person occupying a position in

hostility to the assignment under bankruptcy proceedings
which have destroyed the assignment.    The surety, therefore,
is not bound to respond to any orders or judgment against the
assignor recovered by the trustee in such hostile proceedings.
It was not within the contemplation of the surety when the
bond was signed that it would be liable unless appropriate
proceedings were taken under the Assignment Law fixing liabil-
ity upon the assignee. (*People* v. *Chalmers*, 60 N. Y. 154;
*Matter of Bieber*, 38 App. Div. 639; *Hood* v. *Hood*, 85
N. Y. 561; *Matter of Thompson*, 123 Fed. Rep. 575; *Ran-
dolph* v. *Scruggs*, 190 U. S. 533; *Smith* v. *Belford*, 106 Fed.
Rep. 658; *Sinsheimer* v. *Simonson*, 107 Fed. Rep. 898;
*Matter of Kleni*, 116 Fed. Rep. 523; *Matter of Manning*,
123 Fed. Rep. 179.)    Under well-recognized rules this cause
of action alleged in the complaint cannot be urged against the
American Surety Company, defendant.    Its liability is meas-
ured by the statute under which it gave its bond, by the strict
interpretation of the contract it signed. (*Lyman* v. *R. T. Ins.
Co.*, 37 App. Div. 234; *People* v. *Chalmers*, 60 N. Y. 154;
*McCluskey* v. *Cromwell*, 11 N. Y. 593; *Ulster Co.* v. *Young*,
161 N. Y. 23; *U. S.* v. *Bd. of Comrs.*, 145 Fed. Rep. 144;
*A. B. Co.* v. *Pueblo Co.*, 150 Fed. Rep. 17; *Evansville
Bank* v. *Kaufmann*, 3 N. Y. 273; *Keene* v. *Newark Co.*, 39
Misc. Rep. 6.)    The trustee has not legal capacity to sue.
(*Matter of Phelps*, 3 Am. Bank. Rep. 396.)

*Michel Kirtland* for respondent.    The first question cer-
tified, to wit, "Does it appear upon the face of the complaint
that the plaintiff has not legal capacity to sue?" should be
answered in the affirmative. (*Ward* v. *Petrie*, 157 N. Y.
301; *Ullman* v. *Cameron*, 186 N. Y. 339.)    The second
question certified, to wit, "Does the complaint state facts
sufficient to constitute a cause of action?" should be answered
in the affirmative. (*Matter of Thompson*, 11 Am. Bank.
Rep. 719; *Otto* v. *Van Riper*, 164 N. Y. 536; *Doon* v. *Am.
S. Co.*, 110 App. Div. 215; 186 N. Y. 598; *Claflin* v.
*Houseman*, 93 U. S. 130; *Cooke* v. *Whipper*, 55 N. Y. 150;

*U. C. S. Bank* v. *Young*, 163 N. Y. 430; *Smith* v. *Malleson*, 148 N. Y. 241; *People* v. *Chalmers*, 60 N. Y. 154; *Matter of Cantor*, 31 App. Div. 19; *Adams* v. *Hyams*, 19 Blatchf. 487.)

CHASE, J. The defendant demurred to the plaintiff's complaint upon two grounds: "1. Because it appears upon the face of said complaint that the plaintiff has not legal capacity to sue. * * * 2. Because it appears upon the face of said complaint that the complaint does not state facts sufficient to constitute a cause of action."

The demurrer having been overruled by the Appellate Division of the Supreme Court and an interlocutory judgment having been entered in favor of the plaintiff, an appeal is taken by the defendant to this court by permission of the Appellate Division and the following questions are certified to us:

"1. Does it appear upon the face of the complaint that the plaintiff has not legal capacity to sue?

"2. Does the complaint state facts sufficient to constitute a cause of action?"

Among other things it is alleged in the plaintiff's complaint, in substance, that one Lee, on May 9, 1901, duly made an assignment for the benefit of his creditors to one Buckmaster, a non-resident of the state of New York, and that said assignee accepted said trust, and that said assignment was on the same day duly recorded in the office of the clerk of the county of New York.

After several extensions of time to file the inventory and schedules the said assignee filed an inventory and schedules on the 7th day of August, 1901, and thereupon, by order of the Supreme Court of this state, the penal sum or amount of the assignee's bond was, pursuant to statute of the state of New York, fixed at $7,000. A bond, a copy of which is attached to the complaint, dated August 13, 1901, was executed, acknowledged and delivered by said Buckmaster as principal and this defendant as surety to the People of the

state of New York on the 14th day of August, 1901. The condition of said bond is: "That if the above bounden George Buckmaster shall faithfully execute and discharge the duties of such assignee and duly account for all moneys received by him as such assignee then this obligation to be void, else to remain in full force and virtue."

Thereafter said assignee received and took into his possession a large amount of property and assets of said Lee, and no accounting has ever been had in respect thereto except as stated in the complaint. On the 27th day of August, 1901, on the petition of certain creditors of said Lee, filed in the United States District Court of the southern district of New York, such proceedings were had that on or about September 23, 1901, the said Lee was duly adjudged a bankrupt, and thereafter the plaintiff herein was appointed the trustee in bankruptcy of said bankrupt and duly qualified as such.

On the 22nd day of January, 1902, the said Buckmaster as assignee filed in said United States District Court of the southern district of New York a petition praying that his account as assignee for the benefit of creditors of said Lee be taken, stated and allowed and such proceedings were duly had therein that on January 24, 1903, a final order or judgment was duly made and entered in said court requiring and directing said Buckmaster as assignee to transfer and pay to the said plaintiff as trustee of the estate of said Lee, bankrupt, the sum of $3,502.97, the amount found due on said proceeding from said Buckmaster to the plaintiff. "The defendant herein had notice and knowledge of such proceedings." The amount directed to be paid by said Buckmaster has not been paid and on December 5, 1906, the plaintiff commenced an action in the Circuit Court of the United States for the district of New Jersey, in which said Buckmaster then resided and now resides, to recover said amount found due from said Buckmaster in the District Court of the southern district of New York with interest thereon and in said action the defendant duly appeared by attorney and such proceedings were had therein that on or about the first day of February, 1907, judgment was entered

and docketed against said Buckmaster for $4,366.64 upon which judgment execution has been issued and such execution has been returned wholly unsatisfied. Payment of the amount awarded to said plaintiff has been demanded of the defendant but no part thereof has been paid. On the 20th day of March, 1907, on the application of plaintiff, an order was duly made and entered in the said Supreme Court authorizing the plaintiff to maintain this action upon said bond against the defendant.

In considering the sufficiency of the complaint we first inquire as to the obligation assumed by the defendant in signing the bond. The bond is in the form prescribed by the General Assignment Act (Laws of 1877, chap. 466, § 5), and it was a prerequisite to the assignee's power or authority to sell, dispose of or convert to the purposes of the trust any of the assigned property.

It is provided by the General Assignment Act that "Any action brought upon an assignee's bond may be prosecuted by a party in interest by leave of the court." (§ 9.)

At the date of the general assignment, and at the time when the defendant executed the bond in question, the National Bankruptcy Act of 1898 was in full force and effect. The Bankruptcy Act provides: "Acts of bankruptcy by a person shall consist of his having * * * (4) Made a general assignment for the benefit of his creditors, or being insolvent, applied for a receiver or trustee for his property, or because of insolvency, a receiver or trustee has been put in charge of his property under the laws of a state, of a territory or of the United States * * *." (Sec. 3.) "A petition may be filed against a person who is insolvent and who has committed an act of bankruptcy within four months after the commission of such act." (Sec. 3b.)

In *Randolph* v. *Scruggs* (190 U. S. 533) the court say: "It is admitted that a general assignment for the benefit of creditors, made within four months from the filing of a petition in bankruptcy, is void as against the trustee in bankruptcy so far as it interferes with his administering the property

assigned  *  *  *.  The assignment was not illegal.  It was
permitted by the law of the state, and cannot be taken to have
been prohibited by the Bankruptcy Law absolutely in every
event whether proceedings were instituted or not.  (Citing
authorities.)  It had no general fraudulent intent.  It was
voidable only in case bankruptcy proceedings should be
begun.  At the time when it was made the institution of such
proceedings was uncertain."  The court, in referring to claims
made by an assignee under a general assignment for commis-
sions and expenses, further say : " But the assignee is acting
lawfully in what he does before proceedings in bankruptcy
are begun, and although it may be assumed that the avoidance
of the assignment relates back to the date of the deed, still so
far as his services or services procured by him tend to the
preservation or benefit of the estate, the mere fiction of rela-
tion is not enough to forbid an allowance for them.  *  *  *
We are not prepared to go further than to allow compensation
for services which were beneficial to the estate.  Beyond that
point we must throw the risk of his conduct on the assignee,
as he was chargeable with knowledge of what might happen."

The assignee accepted the trust, and with the defendant
executed the bond in question, each with knowledge of the
Bankruptcy Act and of what might happen by reason of it.
The Bankruptcy Act was enacted by Congress, pursuant to
the Federal Constitution, for the purpose of establishing uni-
form laws on the subject of bankruptcy throughout the
United States (U. S. Constitution, art. 1, sec. 8, subd. 4), and
an adjudication in bankruptcy supersedes a general assignment
under state laws, and as held in *Randolph* v. *Scruggs* (*supra*)
a general assignment becomes void as against a trustee in
bankruptcy, so far as it interferes with his administering the
property assigned.  .

The appellant relies upon *People* v. *Chalmers* (60 N. Y.
154) and *Matter of Cantor* (31 App. Div. 19).  In each of
these cases the general assignment was declared void for actual
fraud in a direct attack upon it, and an attempt was made to
hold the surety on the assignee's bond for the benefit of the

attacking creditors. A claim was not made in either case under the assignment, but in antagonism to it, and by persons who had not only repudiated it, but had secured a judgment annulling and setting it aside. The general assignment in the case now under consideration was executed in conformity with the General Assignment Act. It was valid and enforceable when made, and the bond was executed to secure a due accounting by the assignee for all moneys received by him. The possibility of the assignee under the general assignment being required to account to a trustee in bankruptcy was in the legal contemplation of the defendant when the bond was executed.

The General Assignment Act of the state of New York, like the Bankruptcy Act, is designed to distribute all of the assets of a debtor among his creditors. The claim of the plaintiff is not personal or in hostility to a general distribution of the bankrupt's assets among his creditors. It is to carry out such purpose in the uniform way established by Congress.

The reasoning of the court in *People* v. *Chalmers* and *Matter of Cantor* (*supra*) should not be extended to include a case where the general assignment is not set aside for actual fraud, but pursuant to the express terms of the national act and to secure the distribution of the debtor's assets under such act. (*Adams* v. *Hyams*, 19 Blatchford C. C. Rep. 487.)

By the proceedings in bankruptcy the plaintiff as trustee became vested with the title to the property in the hands of Buckmaster and it was his duty to take into his possession the property so in the hands of Buckmaster and collect from him any moneys in his hands belonging to the estate of the bankrupt. Reading the General Assignment Act of this state and the Bankruptcy Law together, it appears that it was the duty of Buckmaster to duly account to the plaintiff for all moneys received by him and that if he failed to do so he violated the plain language of the bond signed by the defendant. The plaintiff, therefore, is a party in interest who by leave of the court which he has obtained is entitled to bring an action against the defendant on such bond. The defendant being

liable upon its obligation to the plaintiff, our next inquiry is as to whether the complaint sets forth facts sufficient to show that the plaintiff is entitled to recover in this action.

Under the Bankruptcy Act it is provided : " Section 2. That the courts of bankruptcy as hereinbefore defined, namely, the District Courts of the United States in the several states * * * are hereby made courts of bankruptcy and are hereby invested within their respective territorial limits as now established or as they may be hereafter changed with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings in vacation, in chambers and during their respective terms as they are now or may be hereafter held, to * * * (7) Cause the estates of bankrupts to be collected, reduced to money and distributed and determine controversies in relation thereto except as herein otherwise provided."

In *Bryan* v. *Bernheimer* (181 U. S. 188) the plaintiff as marshal for the use of creditors sought by summary petition to recover from the defendant certain goods claimed to have been sold to him by an assignee under a general assignment made before a trustee in bankruptcy had been appointed but after and with knowledge of a petition in bankruptcy. The claim of the plaintiff was sustained and the court referring to the jurisdiction of the District Court and after quoting from section 2 of the Bankruptcy Act say : " The exception refers to the provisions of section 23 by virtue of which as adjudged at the last term of this court that the District Court can by the proposed defendant's consent, but not otherwise, entertain jurisdiction over suits brought by trustees in bankruptcy against third persons to recover property fraudulently conveyed by the bankrupt to them before the institution of proceedings in bankruptcy. (*Bardes* v. *Hawarden Bank*, 178 U. S. 524; *Mitchell* v. *McClure*, 178 U. S. 539 ; *Hicks* v. *Knost*, 178 U. S. 541.)" Referring to the case then under consideration the court further say, " The present case involves no question of jurisdiction over a suit by a trustee against a person claiming an adverse interest in himself."

By section 23 of the Bankruptcy Act it is provided: " * * *. Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt whose estate is being administered by such trustee might have brought or prosecuted them if proceedings in bankruptcy had not been instituted unless by consent of the proposed defendants."

By the amendment of 1903 there was added "Except suits for the recovery of property under section sixty, subdivision b, and section sixty-seven, subdivision e."

Section 67e of said act provides, " That all conveyances, transfers, assignments or incumbrances of his property or any part thereof made or given by a person adjudged a bankrupt under the provisions of this act subsequent to the passage of this act and within four months prior to the filing of the petition with the intent and purpose on his part to hinder, delay or defraud his creditors or any of them shall be null and void as against the creditors of such debtor, except as to purchasers in good faith and for a present fair consideration ; and all property of the debtor conveyed, transferred, assigned or incumbered as aforesaid shall, if he be adjudged a bankrupt and the same is not exempt from execution and liability for debts by the law of his domicile, be and remain a part of the assets and estate of the bankrupt and shall pass to his said trustee whose duty it shall be to recover and reclaim the same by legal proceedings or otherwise for the benefit of the creditors. * * * "

And there was added by the amendment of 1903 : " For the purposes of such recovery any court of bankruptcy as hereinbefore defined and any state court which would have jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

A general assignment even though without preferences is now, if made within four months of the filing of the petition, a constructive fraud on the Bankruptcy Act and in itself without either insolvency or intent an available act of bankruptcy. This does not mean that general assignments are no longer lawful, rather that the assignor and his counsel thereby set

the door of the court of bankruptcy ajar to such creditors as may choose to bid them enter. (Collier on Bankruptcy [5th ed.], 44, 532; *Matter of Gray,* 47 App. Div. 554.)

It is unnecessary to consider further the jurisdiction of the District Court to proceed against Buckmaster to determine the extent of the property of Lee in his hands and to collect the same because Buckmaster consented to the jurisdiction of that court and beyond controversy jurisdiction was thereby obtained if not previously acquired. (Bankruptcy Act, § 23; *Wall* v. *Cox,* 181 U. S. 244; *Jaquith* v. *Rowley,* 188 U. S. 620, and other cases previously cited herein.) The complaint shows that as against Buckmaster the District Court had jurisdiction to determine the amount owing by him to the plaintiff. The defendant had notice and knowledge of the proceedings, but the meager statement of the complaint leaves the question as to what notice the defendant received and as to the plaintiff's connection therewith in some uncertainty.

The complaint alleges that Buckmaster received and took possession of a large amount of property and assets of said Lee and that he has not accounted therefor except as stated in the complaint.

A breach of the condition of the bond being shown the plaintiff is at least entitled to nominal damages. (*Thomson* v. *American Surety Co.,* 170 N. Y. 109.) As the interlocutory judgment must be sustained, the question relating to the extent to which the defendant is bound by the judgments of the District and Circuit Courts is better left for determination after the pleadings in this action are complete and the facts on a trial are fully found.

The judgment appealed from should be affirmed, with costs, and the first question certified to us should be answered in the negative and the second question in the affirmative.

Cullen, Ch. J., Gray, Haight, Vann, Werner and Hiscock, JJ., concur.

Judgment affirmed.