## BOLMER v. UNITED STATES FIDELITY & GUARANTY CO. OF BALTIMORE, MD.

### No. 223.

District Court, W. D. Kentucky, at Owensboro.

July 24, 1935.

E. B. Anderson and C. E. Byron, both of Owensboro, Ky., for plaintiff.

Kirk & Bartlett, of Hartford, Ky., and Hite H. Huffaker, of Louisville, Ky., for defendant.

HAMILTON, District Judge.

This is an action at law instituted by the committee of an incompetent, appointed under the laws of the commonwealth of Kentucky, to recover on an official bond executed by a prior committee, appointed pursuant to the orders of the Ohio county court. The law and facts are submitted to the court without the intervention of a jury.

The defendant, surety on the bond, makes two defenses; first that this court has no jurisdiction of the action, that its venue is improperly laid; second, that the instrument signed by it as surety was void and of no effect. The facts concerning this controversy, briefly stated, are as follows:

Sterling P. Holbrook, unmarried, was a citizen of Ohio county, Ky. In the latter part of 1917 or 1918, while employed in Ohio, he enlisted in the United States Army, and continued there until 1919, at which time he was discharged as a mental incompetent and became a patient in a government institution in the state of Ohio for mental treatment.

On October 13, 1919, J. D. Holbrook, his father, filed a petition in the circuit court of Ohio county, Ky., pursuant to the provisions of section 272a-15 to and including section 272a-20 of Carroll's Kentucky Statutes, 1918 Edition, vol. 3, to have Sterling P. Holbrook adjudged a lunatic. On this date, Sterling P. Holbrook was not in the

state of Kentucky and had not been since his discharge from the Army.

On the filing of the petition, without notice to the defendant, he was adjudged a lunatic and J. D. Holbrook, his father, on the same date was by an order of the Ohio county court (Ky.) appointed a committee for the said Sterling P. Holbrook, took the prescribed oath, and executed bond in the sum of $500, with personal surety. On February 26, 1926, J. D. Holbrook was required by an order of the Ohio county court (Ky.) to execute a new bond as committee, and pursuant to this order the following bond was executed:

"We, J. D. Holbrook, Principal, and the United States Fidelity and Guaranty Co., securities, bind ourselves to Comth. of Ky. in the penal sum of $10,000.00 that the said J. D. Holbrook as Committee of Sterling Holbrook will faithfully discharge all his duties as such, and that he will comply with the judgment and orders of the court in the proceeding and will pay and deliver to him all money or property due him when required.

"Witness our hands this 26th day of Feby. 1926.

"J. D. Holbrook,
"United States Fidelity & Guaranty Co.
"By C. M. Crowe & Son, Atty. in fact."

On February 27, 1926, J. D. Holbrook, committee, filed in the Ohio county court a settlement of his accounts showing total receipts of $7,477.24, disbursements of $124.70, and a balance of $7,352.54.

On October 12, 1926, J. D. Holbrook died intestate and his wife, Mary F. Holbrook, qualified as his administratrix. In an action instituted in the Ohio circuit court (Ky.) on February 15, 1927, by his administratrix to settle her accounts, it was adjudged that J. D. Holbrook, at the time of his death, owed, as committee for his son, a balance of $12,367.54, which was adjudged to be a preferred claim against his estate and the administratrix paid to his successor committee $2,927.33, leaving a balance due of $9,905.17, the amount sued for in this action.

On March 14, 1932, the original plaintiff in this action, Louis Laeger, a citizen of Ohio, was by the probate court of Ross county, Ohio, appointed guardian and committee for the said Sterling P. Holbrook. On April 4, 1932, pursuant to the provisions of section 2041 of Carroll's Kentucky Statutes 1930 Edition, the county court of Ohio county (Ky.) entered an order authorizing Louis Laeger to act as guardian and committee for Sterling Holbrook in the state of Kentucky. While this action was pending, the plaintiff, Louis Laeger, died and James E. Bolmer, a citizen of Ohio state, was duly appointed and qualified as guardian and committee for Sterling P. Holbrook, and this action has since continued in his name.

The defendant is a corporation, incorporated under the laws of the state of Delaware, and is authorized to do business in the commonwealth of Kentucky.

It is contended by the defendant that this court is without jurisdiction because neither the plaintiff nor defendant is a citizen of the Western judicial district of Kentucky.

■ A diversity of citizenship exists, but neither of the parties resides in this district, and the court is without jurisdiction unless the defendant has waived it. State of Maryland for use of Markley v. Baldwin, 112 U. S. 490, 5 S. Ct. 278, 28 L. Ed. 822; Stout v. Rigney (C. C. A.) 107 F. 545; Bangs v. Loveridge (C. C.) 50 F. 963; Harper v. Norfolk & Western R. Co. (C. C.) 36 F. 102; Gould v. Suburban Gas & Electric Light Co. (D. C.) 243 F. 930; Laubscher v. Fay (D. C.) 197 F. 879.

■ The defendant filed motion to dismiss plaintiff's petition on the ground it did not state a cause of action, and without waiving this motion filed an answer to the merits to which the plaintiff filed a reply. Subsequently, the defendant filed an amended answer raising a plea to the jurisdiction of the court on the ground that neither of the parties was a citizen of this judicial district. Objections to the jurisdiction of the court on the ground of wrong venue must be promptly made and before pleading to the merits. This case, being one within the general jurisdiction of the court, although instituted in the wrong district, defendant waived its personal privilege not to be sued in this district and submitted to the jurisdiction. In re Moore, 209 U. S. 490, 28 S. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164; Western Loan & Savings Co. v. Butte & B. Consolidated Mining Co., 210 U. S. 368, 28 S. Ct. 720, 52 L. Ed. 1101; Detroit Trust Co. v. Pontiac Savings Bank, 196 F. 29 (C. C. A. 6).

The bond sued on in this action was executed in a void proceeding. Section 272a-15, Carroll's Kentucky Statutes, vol. 3, 1918 Edition, gives to the circuit courts of the several counties of the commonwealth of

Kentucky exclusive jurisdiction of all cases requiring an inquest into the mental condition of persons. In case the circuit court is not in session at the time the proceedings are instituted, the presiding judge of the county court may hold the inquest and his judgments and orders shall be entered of record in the circuit court. The defendant is entitled to a trial by jury unless expressly waived, and under the provisions of section 272a-18 of the above statutes, the defendant is also entitled to at least three days' notice of the hearing.

There was no attempt to comply with these provisions of the statute in the proceedings in the Ohio circuit court in adjudging Sterling P. Holbrook a lunatic. The defendant was given no notice of the proceedings, there was no jury trial, and no notice given to the person or persons having him in custody.

The Court of Appeals of Kentucky has held that a judgment of lunacy without notice to the accused is void. Stewart v. Taylor, 111 Ky. 247, 63 S. W. 783, 23 Ky. Law Rep. 577; Taylor v. Moore, 112 Ky. 330, 65 S. W. 612, 23 Ky. Law Rep. 1572; McFarland v. Commonwealth, 249 Ky. 128, 60 S.W.(2d) 360.

■ If the Court of Appeals of Kentucky had not construed the statutes of the state here involved, this court would also hold that the proceedings in the Ohio circuit court were void and of no effect. Compare Chaloner v. Sherman, 242 U. S. 455, 37 S. Ct. 136, 61 L. Ed. 427.

■■ Although the judgment of the Ohio circuit court adjudging Sterling Holbrook a lunatic was void and of no effect, the defendant is estopped to make that issue here. If the defendant had exercised the same diligence and industry before signing the bond as it has in its defense in this case, it would have avoided the liability now confronting it. An examination of the record by its agent would readily have disclosed the void proceeding in the Ohio circuit court.

The rule is of almost universal application that a surety on a bond is estopped to contradict the recitals of the instrument in an action directly on it. The rule of estoppel has been applied against a surety in many cases similar to this one. United States to Use of Hine v. Morse, 218 U. S. 493, 494, 512, 31 S. Ct. 37, 54 L. Ed. 1123, 21 Ann. Cas. 782; Bruce v. United States, 17 How. 437, 442, 15 L. Ed. 129; United States v. Hodson, 10 Wall. 395, 409, 19 L.

Ed. 937; Daniels v. Tearney, 102 U. S. 415, 422, 26 L. Ed. 187; White v. Weatherbee, 126 Mass. 450; Jones v. Gallatin County, 78 Ky. 491; People v. Norton, 9 N. Y. 176; State v. Anderson, 16 Lea (Tenn.) 321, 335; United States v. Maurice, Fed. Cas. No. 15,747, 2 Brock. 96; Welch v. Van Auken, 76 Mich. 464, 43 N. W. 371; Gillespie v. Hauenstein, 72 Miss. 838, 17 So. 602; Shroyer v. Richmond and Staley, 16 Ohio St. 455; Griffin v. Collins, 122 Ga. 102, 49 S. E. 827; Oglivie v. Commonwealth, 11 Ky. Law Rep. 905; Hastings v. United States Fidelity & Guaranty Co., 116 Ark. 220, 172 S. W. 1016; Dudley v. Rice, 119 Wis. 97, 95 N. W. 936.

■ The liability on the bond does not extend to prior defaults of the committee before its execution. The evidence in this case shows that J. D. Holbrook had no estate of his own and was insolvent at all times during his committeeship, and no recovery could have been had from him at any time during his committeeship. No money came into his hands as a result of the execution of this bond except $460, and the court concludes that the maximum liability of the defendant is the value of the assets in his possession belonging to his ward at the time of the execution of the bond and the sum subsequently received. Cotton's Guardian v. Wolf, 14 Bush. (Ky.) 238, 251; Sebastian v. Bryan (1860) 21 Ark. 447; Thomson v. American Surety Co., 170 N. Y. 109, 62 N. E. 1073; State, to Use of Towler, v. Shackleford, 56 Miss. 648; State to Use of Dorsey v. Banks, 76 Md. 136, 24 A. 415; Freedman v. Vallie (Tex. Civ. App.) 75 S. W. 322; Knepper v. Glenn, 73 Iowa, 730, 36 N. W. 763; Bockenstedt v. Perkins, 73 Iowa, 23, 34 N. W. 488, 5 Am. St. Rep. 652; American Bonding Co. v. People, 46 Colo. 394, 104 P. 81; Matter of Williams, 26 Misc. 636, 57 N. Y. S. 943; State ex rel. Short v. Hardy, 200 Mo. App. 405, 206 S. W. 904.

The authorities on this question are not in harmony and it has not been decided by the federal courts. I have concluded to follow the Kentucky rule on the subject which is stated in Cotton's Guardian v. Wolf, supra: "The surety is made liable by reason of his enabling his principal to obtain possession of the infants' estate, and such portions of it as he had already received and converted to his own use, the surety can not be made to account for."

The evidence shows that on February 27, 1926, J. D. Holbrook filed with the

564

Ohio county court settlement of his accounts as committee and that this settlement was prepared by Goble Crow, at that time agent for the defendant and its representative, in writing the bond here in question. That settlement showed a balance in the hands of the committee of $7,-352.54. The evidence also shows there was subsequently paid to Holbrook $460, making a total of $7,812.54. I think these facts justify the court in concluding that the defendant is liable on its bond for this sum, credited by whatever was on hand at the time of Holbrook's death. There is filed as part of the evidence in this case a transcript of the record of the Ohio circuit court (Ky.) in the case of Mary F. Holbrook, administratrix of the estate of John D. Holbrook, deceased, against M. J. Holbrook et al., for a settlement of her accounts as administratrix of his estate.

This record shows he had $4,474.34 at the time of his death, which he held as committee for Sterling Holbrook. He did not have any estate of his own.

Mary F. Holbrook had no authority to receive this property as administratrix. It should have passed directly to the successor committee for Sterling P. Holbrook. The Ohio circuit court (Ky.) adjudged that Holbrook's widow was entitled to have set aside to her under the provisions of section 1403, Carroll's Kentucky Statutes 1930, $750 allowance out of the money held by J. D. Holbrook, trustee, and there was also paid out of this sum court costs, administratrix' commission, and personal debts of Holbrook in the amount of $606.64, a total of $1,356.64, which was approved by the court. All of this was improper and not justified by the facts.

Property which a decedent holds in a fiduciary capacity at his death is not a part of his estate passing to his administrator, but is held for the purpose of the trust. The fact that J. D. Holbrook used this estate as his own does not alter the principle. He had no other property. De Valengin v. Duffy, 14 Pet. 282, 10 L. Ed. 457; Johnson v. Garner (D. C.) 233 F. 756; Sears v. Hull, 147 Ky. 745, 145 S. W. 760; Schoolfield's Adm'r v. Rudd, 9 B. Mon. (Ky.) 291.

The defendant here was not a party to the settlement suit in the Ohio circuit court and is not bound by its judgment. Robb v. Perry (C. C.) 35 F. 102, 107. It follows that the defendant is indebted to the plaintiff in the sum of $3,338.20, with interest thereon from October 26, 1926, until paid.

The parties may amend their pleadings, if necessary, to conform to the proof and prepare judgment in accordance with this opinion.