In re RESNEK.

(District Court, S. D. New York. March, 1917.)

BANKRUPTCY ⊙⟳114(1)—RECEIVERS—APPOINTMENT.

Prior to bankruptcy the bankrupt made a general assignment for the benefit of creditors, and after bankruptcy a receiver was appointed on application of an intervening creditor. On examination of the bankrupt, had under Bankr. Act July 1, 1898, c. 541, § 21a, 30 Stat. 551 (Comp. St. 1916, § 9605), it appeared that he had obtained credit on a financial statement and that such statement was probably false. *Held*, that the assignee appointed by the bankrupt was not entitled to a vacation of the order appointing a receiver, for, under the circumstances, the assignee was probably favorable to the bankrupt, and the bankrupt's property should be administered by an officer of the bankruptcy court.

In Bankruptcy. In the matter of the bankruptcy of Elias Resnek. On application to vacate and set aside an order appointing a receiver. Application denied.

Jellenik & Stern, of New York City, for assignee.

Saul S. Myers and Lawrence B. Cohen, both of New York City, for receiver.

MANTON, District Judge. This is an application to vacate and set aside an order appointing a receiver of the bankrupt's property. Prior to the filing of the petition in bankruptcy, on February 13, 1917, the

---

⊙⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

243 F.—27

bankrupt made a general assignment for the benefit of his creditors to one Morris B. Arnold, of No. 320 Broadway, New York City. After the petition in bankruptcy was filed, and on February 16, 1917, upon application of an intervening creditor, a receiver was appointed. The assignee seems to have been selected by the bankrupt and his attorney. The assignee is engaged in the collection business at No. 320 Broadway, and evidently employs attorneys to make collections for commercial houses. Through his attorneys he now applies for this order vacating the appointment of a receiver and asks leave to file certain affidavits nunc pro tunc as of the time when the application for the appointment of a receiver was considered, to wit, February 16, 1917.

Prior to the time of the application for the appointment of the receiver the court received a letter from this assignee urging that he might be heard if an application were made for the appointment of a receiver. One or two similar letters from other attorneys were received. When the application was made, the court, out of due respect for these requests, sent for the assignee and the two attorneys who had made similar requests; oral statements were made for and against the appointment of a receiver, and the court then announced its intention of appointing a receiver. At that time no request was made for the filing of affidavits, but on the next day, after the appointment of the receiver, the attorney representing the assignee asked leave to file affidavits nunc pro tunc, which was denied. Thereafter this motion was made, and came on to be heard on February 26, 1917. The application for leave to file two affidavits submitted herein nunc pro tunc, and for the vacation of this order appointing the receiver, should be denied.

This District Court, in two well-considered opinions rendered heretofore, one by Hon. Julius M. Mayer (In the Matter of D. & E. Dress Co., Inc., 244 Fed. 885, alleged bankrupt, on June 26, 1916), and one by Hon. A. N. Hand (In the Matter of the Federal Mail & Express Co., 37 Am. Bankr. Rep. 240, 233 Fed. 691, rendered on June 26, 1916), laid down the rule that I followed in appointing this receiver, and in now refusing to vacate the order so appointing him.

The practice of permitting an assignee suggested by, or at least chosen by, the bankrupt, and then permitting such assignee to conduct an inquiry into the affairs of the bankrupt, should be discouraged. It is against the purposes and good intent of the Bankruptcy Law. In this particular case an examination has been had under section 21a, and the wisdom of the policy adopted by this court is vindicated. It appears that the bankrupt and his father-in-law issued a financial statement showing a surplus of upwards of $47,000, and on the strength of this statement they obtained credit by way of merchandise to the extent of approximately $200,000. There is justification for the belief that the statement was false; that the bankrupt had accounts receivable of about $6,000. Considerable merchandise was purchased—indeed, to the extent of about $50,000—and was sold to the customers below cost in this city and in Baltimore. Moneys have been paid to a bank, which has loaned money on the indorsement of the bankrupt's

wife and another, so as to free these indorsers of their obligation prior to the bankruptcy, and counsel have stated that they feel reasonably certain that further investigation will unearth other property which has been concealed or disposed of by the bankrupt. An investigation of this kind requires a strong, independent receiver, who has no alliance of a personal or business nature with the bankrupt. Surely all the creditors, for whom the assets of this bankrupt are sought to be obtained, must welcome some independent hand to undertake this work.

The circumstances of this case come fittingly within the reasons laid down in the two cases above referred to why an assignee should not continue. In the Matter of Louis Neuburger, Inc. (D. C.) 37 Am. Bankr. Rep. 248, 233 Fed. 701, in an opinion written by Judge A. N. Hand on June 12, 1916, and which was approved this week by affirmance in the Circuit Court of Appeals in an opinion written by Judge Rogers (240 Fed. 947, —— C. C. A. ——), a wholesome rule was laid down which should be a guidance to members of the bar practicing in this class of litigation, to wit, that receivers should have the possession and care of a bankrupt's property until such time as a trustee is appointed, and that this should be administered under the bankruptcy laws by the federal courts and not in the state courts.

The application will be denied. Settle order on notice.