JAMES M. SMITH, governor, for use, plaintiff in error, *vs.* JAMES C. TAYLOR *et al.,* defendants in error.

I. An official bond, though not conditioned as the statute prescribes, will, under section 167 of the Code, be considered as if executed in conformity to the statute.

2. Though the bond of an ordinary be conditioned for the faithful discharge of all of his official duties, yet, in conformity with the statute, the condition will be held as being for the performance of his duties as clerk of the ordinary. Therefore such bond cannot be sued on for the failure to take security from a county tax collector.

Bonds. Officers. Ordinary. County matters. Before Judge McCUTCHEN. Dade Superior Court. September Term, 1875.

Reported in the decision.

W. N. JACKOWAY; J. A. W. JOHNSON; D. A. WALKER, by brief, for plaintiff in error.

E. D. GRAHAM, for defendants.

WARNER, Chief Justice.

This was an action brought by plaintiff for the use of the ordinary of Dade county, against the defendants on their bond executed by Taylor, the former ordinary of said county, and his securities, conditioned that if the said Taylor should well and truly discharge all and singular the duties required of him in virtue of his said office of ordinary according to law, and the trust reposed in him, then said obligation to be void,

Smith *vs.* Taylor *et al.*

else to remain in full force and virtue. The breach of the bond, as alleged in the plaintiff's declaration, is, that the defendant, Taylor, as ordinary, failed to perform his duty in this, that one Wilkinson was elected tax collector for the years 1870, 1871 and 1872, for said county of Dade, and failed to give any bond as required by law for securing the taxes due the county, and that the said Taylor, as ordinary, well knowing the fact that no such bond had been given by said Wilkinson, permitted him to proceed and collect the county taxes for the aforesaid years without appointing any other competent person to collect said county taxes, as he was required by law to have done, whereby the county lost the taxes due to it for the aforesaid years, amounting to more than $2,000 00. The defendants demurred to the plaintiff's declaration on the ground that it did not make such a case as would entitle the plaintiff to recover on the bond sued on. The court sustained the demurrer and dismissed the plaintiff's action; whereupon the plaintiff excepted.

The only bond which the ordinary is required to give under the statute law of this state is a bond in the sum of $1,000, for the faithful discharge of his duty as *clerk of the ordinary:* Code, section 321. Although this bond now sued on is not according to its terms, in strict conformity with the statute, especially as to the condition thereof, still, under the provisions of the 167th section of the Code, it is not void for that reason, but should be held to stand in the place of just such a bond as the statute required the ordinary to give. The 167th section declares that "whenever any officer required by law to give an official bond acts under a bond which is not in the penalty, payable and conditioned, nor approved and filed as prescribed by law, such bond is not void but stands in the place of the official bond, subject, on its condition being broken, to all the remedies, including the several recoveries which the persons aggrieved might have maintained on the official bond." It follows, therefore, that inasmuch as the ordinary is only required to give a bond of $1,000 00 for the faithful discharge of his duty as clerk of the ordinary, the

bond now sued on should be held to stand in the place of such a bond, and the defendant should be held liable thereon for any breach of duty by the ordinary as the clerk thereof, in the same manner as if that condition had been inserted in the bond, and not otherwise. If the plaintiff could be allowed to recover the full penalty of the bond on account of the alleged breach thereof as contained in his declaration, there would be no remedy left for the protection of those who may have been injured by the failure of the ordinary to discharge his duty as clerk thereof, the identical persons for whose protection the statute required the bond to be given. We find no error in sustaining the defendants' demurrer to the plaintiff's declaration.

Let the judgment of the court below be affirmed.