## YEAKLE ET AL. *v.* WINTERS.

BOND.—*Defect.*—A bond taken by any officer in discharge of an official duty is cured of any mere informality by section 790 of the code.

SUPREME COURT.— *Waiver.*—*Brief.*—Where assignments of error are not discussed in the brief of the party making the assignment, the Supreme Court will deem them waived.

From the Tippecanoe Superior Court.

*A. Parsons,* for appellants.

*A. O. Behm, J. Park* and *G. O. Behm,* for appellee.

BIDDLE, J.—Suit on a replevin bond.

Demurrer for the alleged want of facts to the complaint.

No question is made upon the answer.

Trial by jury; verdict for appellee.

Judgment on the verdict, over a motion for a new trial and a motion in arrest. Exceptions. Appeal.

Sixteen assignments of error are made in this court. The first is overruling the demurrer to the complaint; the fifteenth, overruling the motion for a new trial; and the sixteenth, overruling the motion in arrest of judgment.

The remaining thirteen do not contain matter assignable as error, but rather causes for a new trial.

The counsel for appellants seems to place their grounds for reversal mainly on the insufficiency of the complaint, and labors diligently to convince us that the bond upon which it is founded is invalid. We are cited to many authorities which might be good law as applicable to a common-law bond, made between individuals, but do not appear to us to be applicable to the bond in question.

The counsel seems to have overlooked section 790, 2 R. S. 1876, p. 311, and the decisions of this court under it, which declare, that no "bond, recognizance or written undertaking taken by any officer in the discharge of the duties of his office, shall be void for want of form or substance, or recital, or condition, nor the principal or surety be discharged."

Indeed, the public law makes this class of bonds, and not the private agreement of the parties; and, however informal or imperfect any such bond may be in its terms, it imposes the same obligation upon its makers as if every stipulation which the law requires was plainly written within its body.

We can find no objection to the complaint. The

bond is in the usual statutory form of replevin bonds, and the breaches are properly alleged.

Holding the complaint sufficient upon demurrer also decides the question presented by the motion in arrest of judgment; for, if the complaint is sufficient, the motion in arrest was properly overruled.

All the argument the counsel offers us upon the remaining assignment of error, namely, overruling the motion for a new trial, is the following:

" The reasons assigned in the motion for a new trial are numerous, and we fear your honors would consider it tedious, and perhaps useless, to consider them in detail. Therefore we will say nothing other than we insist upon them here earnestly, and ask your honors to consider them as assigned."

We must be excused from hunting for what the counsel could not find in his own case. But perhaps it was as well to waive argument upon the question of overruling the motion for a new trial, as we can not perceive that any other question has been properly presented in the case than those which we have already decided.

The judgment is affirmed, at the costs of the appellants.

Opinion filed at November term, 1877.
Petition for a rehearing overruled at May term, 1878.