THE COUNTY OF FULTON vs. CLARKE.

<div style="float:right">| 73  665|<br>| 94  .40|</div>

Although a tax collector was elected on January 1, 1879, and did not give an official bond until July 23 thereafter, still, the bond then given stood in the place of the bond which should have been given previously, and on its condition being broken, it was subject to the several remedies which the person aggrieved might have had on the official bond, if given in proper time, including the issuance of execution against the tax collector and his sureties in case of default, as was provided by law at and prior to the election of such collector. Therefore, where execution was so issued and levied on the property of one of the sureties, it was error to dismiss the levy on the ground that the bond was not a statutory bond.

(a) This case differs from that of *Mayo, sheriff, vs. Wilson,* 66 *Ga.,* 408.

January 21, 1885.

Officers. Tax. Bonds. Remedies. State. Executions. Before Judge DORSEY. Fulton Superior Court. March Term, 1884.

Reported in the decision.

B. H. HILL, solicitor general; T. P. WESTMORELAND, for plaintiff in error.

A. H. Cox, by brief, for defendant.

BLANDFORD, Justice.

The ordinary of Fulton county issued a writ of execution against Samuel R. Hoyle and the sureties on his bond as tax collector of Fulton county, W. H. Clarke being one of said sureties. This execution was levied on certain property as the property of W. H. Clarke. Joseph A. Clarke interposed a claim to said property. The court, on motion of claimant, directed said levy to be dismissed, because it appeared that said bond was not given and approved by the ordinary until July 23, 1879, and that said Samuel R. Hoyle was elected tax collector January 1, 1879, because said bond is not a statutory bond.

Section 167 of the Code provides, " Whenever any officer, required by law to give an official bond, acts under a bond which is not in the penalty payable and conditioned, nor approved and filed as prescribed by law, such bond is not void, but stands in the place of the official bond, subject, on its condition being broken, to all the remedies, including the several recoveries which the person aggrieved might have maintained on the official bond."

Thus the law declares that, when the bond is not filed within the time prescribed by law, it stands in the place of the official bond, subject, on its condition being broken, to the several remedies which the persons aggrieved might have on the official bond.

Section 913 of the Code makes all the property of collectors and their sureties bound from the execution of their bonds.

If we correctly apprehend the meaning of section 167 of the Code, it makes the bond a statutory bond, which in all respects is to be considered the official bond of the tax collector, and stands in the place of the bond which might have been given by that officer within the time prescribed by law, subject to the same remedies.

Sections 522 to 525 of the Code provides for the issuing of execution against the tax collector and his sureties, as

was done in this case. The law is so plain as to require no argument. These laws were of force long anterior to the election of Hoyle and the giving of the bond by him.

In the case of *Ross vs. Williamson*, 44 *Ga.*, 501, this court held that the simple fact that the officer elect does not give his bond and take the oath of office within the time prescribed by law is not sufficient to work a forfeiture to his right to the office. It must appear that his failure to do so was by his fault or failure. He cannot enter upon his duties as such tax collector until he has given the bond required by law. Sections 915, 929, 930 of the Code.

This case does not conflict with the case of *Mayo, sheriff, vs. Wilson*, 66 *Ga.*, 408. In that case, this court held the summary remedy against the state treasurer, as provided by the Code, was not in contemplation of section 167, because it was the creation of the act of 1876, long afterwards enacted.

This is sufficient to show the difference between the case at bar and the case last cited, but an examination will show many other marks of distinction. The case before us is fully covered by our own Code. Hence it follows that the court erred in dismissing the levy of plaintiffs's execution, and this judgment must be reversed.

Judgment reversed.