## COHEN v. AMERICAN SURETY CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department.  May 7, 1909.)

Appeal from Trial Term, New York County.

Action by J. Quintus Cohen, as trustee of estate of John T. Lee, bankrupt, against the American Surety Company of New York.  There was a directed verdict for plaintiff, and defendant appeals.  Affirmed.

See, also, 129 App. Div. 166, 113 N. Y. Supp. 375.

Argued before PATTERSON, P. J., and LAUGHLIN, HOUGHTON, McLAUGHLIN, and SCOTT, JJ.

Charles M. Demond, for appellant.
Michel Kirtland, for respondent.

PER CURIAM.. Judgment and order affirmed, with costs, on Cohen v. Am. Surety Co., 123 App. Div. 519, 108 N. Y. Supp. 385, affirmed 192 N. Y. 227, 84 N. E. 947.

LAUGHLIN, J. (dissenting).  The recovery against the defendant is upon an undertaking given by it on the 13th day of August, 1901, as surety for one Buckmaster, as assignee for the benefit of creditors of one Lee, who duly made an assignment for the benefit of creditors pursuant to the laws of the state of New York on the 9th day of May that year.  On a petition of certain creditors, Lee was thereafter and on the 23d day of September, 1901, duly adjudged a bankrupt by the District Court of the United States for the Southern District of New York on a petition duly filed for that purpose on the 27th day of August, 1901, and the plaintiff was thereafter duly elected trustee in bankruptcy.  The assignment, having been made within four months of the presentation of the petition on which Lee was adjudged a bankrupt, became by virtue of the provisions of section 3, subdivs. "a," "b," of the federal bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422]), void, and the trustee in bankruptcy became entitled to the assets which came into the possession of the assignee.  The assignee, however, was not a wrongdoer.  He came into possession of those assets lawfully, and was entitled to deduct therefrom his lawful expenses and legal charges for compensation, unless by misconduct he forfeited his right thereto.  He never accounted and was never summoned to account in the courts of this state.  After proceedings were instituted in the federal court to compel the assignee to turn over the assets in his hands to the trustee in bankruptcy, and to punish him for contempt in failing to obey an order of that court requiring him to turn over such assets to the trustee, the assignee petitioned the federal court, praying for the allowance of his account which was thereto annexed, by which he claimed that a balance was then due to him.  The federal court on May 21, 1902, denied the motion to punish him for contempt, and, evidently pursuant to an oral request of the assignee, directed that the matter be referred to a referee of the court as a special commissioner to take and state his account.  The account of the assignee was thereafter

taken and stated by the special commissioner and confirmed by the court. By these proceedings the federal court found that the assignee was accountable to the trustee in bankruptcy on the 24th day of January, 1903, for the sum of $3,502.97. The assignee failed to pay over any part of this amount to the trustee in bankruptcy. Thereafter an action was brought by the trustee in bankruptcy in the Circuit Court of the United States for the District of New Jersey against the assignee to recover the amount found due on said accounting proceedings. A judgment was duly entered therein against the assignee for the amount found due on said accounting proceedings, together with interest thereon and $18.90, the costs of the action. The surety company was not a party to the action against the assignee in the federal court in the district of New Jersey, and it is conceded that it had no notice thereof. It would seem that the learned counsel for the respondent does not contend that the judgment recovered against the assignee is binding upon the surety company, for upon the trial of this action he asked and obtained a direction for judgment for the amount found due by the accounting in the bankruptcy court, thereby waiving any claim for the costs recovered in the action against the assignee. The only theory, therefore, upon which the judgment now appealed from can be sustained, is that the accounting was binding and conclusive upon the surety company.

I am of opinion that the decree of the bankruptcy court on the accounting proceedings of the assignee was at most presumptive evidence against the surety company of the amount of assets for which the assignee was accountable, but that it was not conclusive evidence thereof. The trial court proceeded upon the theory that the surety company was concluded by the accounting in the federal court, and excluded evidence duly offered by the appellant for the purpose of showing that an item of $2,500 with which the assignee was charged on that accounting did not come into his hands as assignee of Lee, and that it did not pass through his hands after he became such assignee. On a former appeal in this action from an interlocutory judgment sustaining a demurrer to the complaint, this court and the Court of Appeals held that the plaintiff stated a good cause of action against the defendant. 123 App. Div. 526, 108 N. Y. Supp. 385, affirmed 192 N. Y. 236, 84 N. E. 947. The effect of those adjudications doubtless is that the federal court had jurisdiction to take the accounting, the assignee having consented thereto, although it would seem that his consent was not altogether voluntary; but it was alleged in the complaint that the defendant had due notice of the accounting proceedings, and the Court of Appeals expressly refrained from deciding, on account of the general allegations with respect to that notice, the extent to which the surety company would be bound by the accounting. There was no allegation that the defendant consented to the accounting. It may be that the court intended to decide that the surety company would be bound by the accounting if it had due notice, but that is not entirely clear, for the complaint might be sustained on the theory that the assignee had failed to obey an order of the court which was binding upon him at least. Although the federal court obtained

jurisdiction to take the accounting and the same was binding upon the assignee, and the surety company was liable, as the Court of Appeals held, in nominal damages at least, for the failure of the assignee to obey the order of the federal court to turn over assets to the trustee in bankruptcy, yet I think if the surety company did not have due notice of the accounting, as provided in its contract of suretyship, the same would be, at most, merely presumptive evidence as to the amount of its liability, and it is still at liberty to contest the items entering into the account. The Court of Appeals alludes to the indefiniteness of the complaint with respect to the notice to the surety company of the accounting of the assignee in the federal court. Since the federal court had jurisdiction to take the accounting, it must follow that it had jurisdiction to make the order requiring the assignee to deliver to the trustee in bankruptcy the assets in his hands, and his failure to obey that order would constitute a breach of the undertaking given by the surety company. I think that the decision of the Court of Appeals goes no further than this.

I do not deem it necessary to express any view on the question as to whether, if the surety company did not receive due notice, the accounting would even be presumptive evidence against it; but for the purposes of this appeal that may be assumed. The effect, then, of the decision of the Court of Appeals necessarily is that the liability of the assignee to account was not confined to the state courts, but that the assignment and the acceptance thereof by the assignee and the execution of the undertaking must be deemed to have been made with knowledge of the provisions of the bankruptcy law of 1898, and with notice of the fact that, either on his own application or upon the application of creditors, the assignor might be adjudged a bankrupt, and the assignment might become void by virtue of the provisions of the bankruptcy act, and that, in that event, an accounting to determine the liability of the assignee to the trustee in bankruptcy might be had either in the state court or in the bankruptcy court. I do not understand, however, that any express stipulation of the contract of suretyship or any right of the surety with respect to notice of the accounting, which the provisions of the state statute require, and which, I think, become part of the contract of suretyship, may be disregarded. I concede that, where the accounting is in the bankruptcy court, doubtless the form of process may yield to the practice in that court. Section 11 of the general assignment act of 1877, being chapter 466, p. 543, of Laws 1877, as amended by Act 1878, p. 409, c. 318, provides that the court may issue a citation at the instance of the assignor, assignee, or of a creditor, or of the assignee's surety, requiring all persons interested in the estate to show cause why a settlement of the account of the proceedings of the assignee should not be had, which citation is required to be returnable to the court. Section 13 provides that the citation must be served on all parties other than the petitioner, including the surety of the assignee, and section 14 provides that, if personally served within the county where the assignment is made, it must be served at least eight days before the return day thereof. The condition of the surety company's undertaking was that the as-

signee should "faithfully execute and discharge the duties of such assignee, and duly account for all moneys received by him as such assignee." The surety company received no notice of the proceedings in the federal court to compel the assignee to turn over the assets in his hands to the trustee in bankruptcy, nor of the proceedings to punish him for contempt for failing to obey such order, nor of the accounting proceedings with the exception that on the 9th day of June, 1902, it received a summons issued by the referee and special commissioner, to whom it was referred to take the account which was addressed to the assignee and his attorney and to the surety company, and recited the appointment of the referee and special commissioner, and that they were summoned to appear before him on the 13th day of the same month, at an hour and place specified, "to attend a hearing before me  *  *  *  of the matters in reference in said proceedings to be had by virtue of the order aforesaid." · This summons was not under seal. It did not purport to be issued by the court, and was not attended by the clerk of the court, and the record contains no express authority from the bankruptcy court authorizing the referee and special commissioner to issue it.

I am of the opinion that the surety company, by virtue of its contract and of the provisions of the statutory law of this state applicable thereto, could not be conclusively bound by an accounting, unless it had notice of the application for such accounting and an opportunity to be heard thereon. In this instance, if the surety company had been given an opportunity to be heard with respect to whether there should be an accounting in the federal court or whether the trustee should be required to apply to the state court to call its principal to account, it might have prevented the accounting in the federal court, and, if not in the first instance, it might have won out on appeal, for it is manifest that in these circumstances arguments by no means frivolous might well be urged in behalf of an accounting in the state court concerning its own officer. It cannot be said that the surety company has not been prejudiced by being deprived of this right. Moreover, assuming, without decision, that the surety company was not entitled to be heard on the question as to whether the accounting should be had in the state court or in the federal court, but was entitled only to notice of the hearing on the accounting, still I am of opinion that the notice which it received was invalid. It was only four days' notice, when its contract, construed in the light of the statute of the state, gave it a right to eight days' notice; and, as it disregarded the notice, it has not waived its right to take this objection. Furthermore, the notice was not issued by the court, or under the seal of the court, or attested by the clerk of the court as required by the provisions of the third general order·in bankruptcy of the general orders in bankruptcy (89 Fed. iv), adopted by the Supreme Court of the United States at the October term, 1898, and section 911 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 683).

I am ·of opinion, therefore, that the judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

SCOTT, J., concurs.