In re LOUIS NEUBURGER, Inc.

(District Court, S. D. New York. June 10, 1916.)

1. BANKRUPTCY ⚖178(3)—FILING OF PETITION—NOTICE.

A general assignee is charged with notice of the subsequent filing of a petition in bankruptcy against his assignor.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 221, 283; Dec. Dig. ⚖178(3).]

2. BANKRUPTCY ⚖178(3)—PROCEEDINGS—POWER OF BANKRUPTCY COURT.

A general assignment having been made, a petition in bankruptcy was filed. After adjudication, which was known to the assignee, but before a trustee was appointed, the assignee sold the property assigned under order of the state court, which, after notice to creditors, settled and approved his account. *Held* that, as the adjudication in bankruptcy vested title to the bankrupt's property in the trustee, and the assignee became a mere custodian, without legal title, required to account to the trustee subsequently appointed, whose title would relate back to adjudication, the sale was wholly void, and the assignee cannot escape liability on the ground that it was authorized and approved by the state court, for the federal court has exclusive jurisdiction after an adjudication in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 221, 283; Dec. Dig. ⚖178(3).]

In Bankruptcy. In the matter of the bankruptcy of Louis Neuburger, Incorporated. Proceeding to review an order of the referee, directing the general assignee of the bankrupt to account to the District Court. Order affirmed.

Harry S. Hechheimer, of Baltimore, Md., for trustee.
Walter B. Milkman, of Brooklyn, N. Y., assignee, pro se.

AUGUSTUS N. HAND, District Judge. After a general assignment a petition in bankruptcy was filed, and this matter proceeded to an adjudication. After the adjudication, which was known to the assignee, a sale was had by the order of the County Court of Bronx County, before the election of a trustee. Thereafter, and before the election of the trustee, the assignee filed his account in the County Court, which was settled and approved by that court after notice to creditors. The referee in bankruptcy thereafter ordered the assignee to account in this court. The assignee seeks to have this order of the referee reviewed and vacated.

[1, 2] It is my opinion that, according to correct legal principles, the assets of the bankrupt became vested by the adjudication in the trustee, his title to relate back to that time, and the assignee thereafter was a mere custodian without title. He could not lawfully sell the assets, the County Court had no jurisdiction over them, and all his acts in relation to them, other than mere custody in anticipation of turning them over to a trustee, when appointed, were null and void. As this court had sole jurisdiction of the assets, the assignee was bound to account here, and any accounting which he might be obliged to render to the County Court was subject to such distribution of the

assets as this court, which had plenary jurisdiction, might order. This is perfectly consistent with his obligations to the County Court, for its orders would be subordinate to the orders of this court, in which all rights of distribution became vested by the adjudication. This is what the referee decided in a well-considered opinion, and no other result is consonant with general principles and the jurisdiction in bankruptcy granted by the Constitution of the United States to the federal courts.

These general principles, however, which would seem to be based on reason, the assignee insists have been modified by decisions of the Supreme Court. He says that it was optional with him whether to account in the state court or this court, and that, as he had filed his accounts in the County Court before the trustee in bankruptcy was elected, though after adjudication, he was at liberty to proceed to have them settled in the County Court as he did, and its decree was final and binding everywhere. The trustee appeared in the County Court and filed an affidavit and submitted a brief, objecting to the jurisdiction; but the accounts were passed by that court as filed.

The decisions of the Supreme Court are in fact quite contrary to the position taken by the assignee. In the case of Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814, a general assignment was followed in nine days by a petition in bankruptcy. Between the filing of the petition and the date of adjudication the assignee sold the property of the estate. The court held that the purchaser had a title subordinate to that of the bankrupt's estate, and that the equities between him and the creditors should be determined by the District Court. The court did not decide whether the District Court ought to have summarily passed on the question involved, if the purchaser had not submitted to the jurisdiction of the latter, but held unequivocally that the general assignment became void after the adjudication in bankruptcy and the purchaser took no title. It is for that principle that I cite the case.

Mr. Justice Holmes, in the case of Randolph v. Scruggs, 190 U. S. 533, 23 Sup. Ct. 710, 47 L. Ed. 1165, said as to general assignments made within four months of the filing of the petition:

"If, by declaring the assignment an act of bankruptcy, the statute means that the conveyance shall not be effectual against the bankruptcy proceedings, as is agreed, the natural and simple construction is that it means that the deed shall be avoided as a whole when the trustee takes the goods. The cases which we have cited, and others under insolvent and bankruptcy laws, evidently take that view. It follows that the appellants can assert no preference by way of lien under the deed."

The opinion goes on to say in substance that the right of an assignee to compensation and recoupment does not depend upon the state law or arise out of the assignment, but is based upon an equitable right to claim such recoupment and compensation as may be reasonable for his efforts in preserving the estate. Thus it appears that the bankruptcy court wholly supersedes an assignee, where the transfer was within four months of the date of the petition in bankruptcy.

In the case of Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413, relied upon by the assignee in the case

at bar, it was held that the bankruptcy court could not by summary process require the return of moneys paid by an assignee to his counsel and moneys retained by him as commissions under the state law, when the moneys were expended *before the petition in bankruptcy was filed*. Under these circumstances the court said that the claim of the assignee constituted an adverse claim, which could not be disposed of in a summary proceeding. In the present case no question has been raised as to payments made before the petition was filed, but the broad claim is asserted that the County Court had jurisdiction to settle the accounts and fix compensation.

In the case of In re Watts & Sachs, Petitioners, 190 U. S. 1, 23 Sup. Ct. 718, 47 L. Ed. 933, which related to the rights of a state receiver after bankruptcy, the Chief Justice said:

"The Bankruptcy Law is paramount, and the jurisdiction of the federal courts in bankruptcy, when properly invoked in the administration of the affairs of insolvent persons and corporations, is essentially exclusive. Necessarily, when like proceedings in the state courts are determined by the commencement of proceedings in bankruptcy, care has to be taken to avoid collision in respect of property in possession of the state courts. Such cases are not cases of adverse possession, or of possession in enforcement of preexisting liens, or in aid of the bankruptcy proceedings. The general rule as between courts of concurrent jurisdiction is that property already in possession of the receiver of one court cannot rightfully be taken from him without the court's consent, by the receiver of another court appointed in a subsequent suit; but that rule can have only a qualified application where winding-up proceedings are superseded by those in bankruptcy, as to which the jurisdiction is not concurrent. Still it obtains as a rule of comity, and accordingly the receiver of the District Court brought his appointment to the knowledge of the Floyd circuit court and requested the delivery of the assets. ❊ * ❊ It has been already assumed that the bankruptcy proceedings operated to suspend the further administration of the insolvent's estate in the state court, but it remained for the state court to transfer the assets, settle the accounts of its receiver, and close its connection with the matter. Errors, if any, committed in so doing, could be rectified in due course and in the designated way."

I think the effect of these decisions is to hold that the state court is completely divested of jurisdiction to administer the property when a petition in bankruptcy has been filed and the proceeding has gone to an adjudication. As was said by the Supreme Court in the case of Mueller v. Nugent, 184 U. S. at page 14, 22 Sup. Ct. at page 275, 46 L. Ed. 405:

" ❊ ❊ * The filing of the petition is a caveat to all the world, and in effect an attachment and injunction. ❊ ❊ ❊ "

The assignee in the present case, not only in fact knew of the filing of the petition, but was in law bound to take notice of it. Yet he proceeded even after an adjudication to sell the assets. If he desired the protection of the state court upon his accounting, he could easily have petitioned that court for leave to account in the bankruptcy court, and leave would doubtless have been granted. Instead of doing that, he refrained from accounting in the only court which had jurisdiction to afford the proceeding any finality, and insisted in spite of the protest of the trustee on proceeding in the County Court. So far as that court is concerned, his accounts have been passed; but that court had

no jurisdiction in my opinion to settle the accounts, so as to bind the trustee in bankruptcy, or to direct payments from the assets.

In the case of In re Rogers, 116 Fed. at page 437, the United States District Court for the District of Georgia said:

"If, then, the proceedings are suspended, as is clearly the effect of the Bankruptcy Law, the state court has no right or authority to fix the fees of its receiver having charge of the property, and less right to refuse to turn over the same until those fees have been paid by the proper officer of the bankrupt court. If the assets are delivered to the trustee by the receiver of the state court, this court will consider any application for compensation which may be made by officers of the state court, and, if allowable, will grant suitable compensation; but it must definitely decline to recognize the authority of the state court to incumber the assets of the bankrupt by a judgment of this character. * * *

If it is possible for assignees, who are necessarily the choice of the bankrupt, to sell out the assets after a friendly petition in bankruptcy is filed, and then proceed to settle their accounts and obtain their compensation in the state court, there will be little reason for the existence of the Bankruptcy Law or court, except as an easier mode of obtaining a discharge than the written consent of two-thirds of the creditors required by the state act. Few assignees sell the assets after an adjudication, and none, to my knowledge, aside from the assignee in question, has recently proceeded to account and have his compensation fixed in the New York state courts against the protest of a trustee.

Whatever may be the effect of the order of the County Court, it does not, in my opinion, bind the trustee, and the order of the referee, directing the assignee to account in this court, is affirmed.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes