In the Matter of the Estate of FRANK E. KELLER, Deceased.

Surrogate's Court, Ulster County, January 23, 1942.

*J. Edward Conway*, for the petitioner.

*N. LeVan Haver*, temporary administrator, and representing Mary Lovelace, sister of decedent.

*John P. Griffith*, for Nona E. Maguire, a legatee, contestant.

FLEMMING, S. The question here presented is whether the Surrogate's Court of this county or of New York county has jurisdiction in the probate proceeding pending.

Decedent's will is dated September 22, 1936. He died September 1, 1941, in a hospital in the city of New York. His nearest relatives were his sister, a resident of the State of Connecticut, and two brothers, residents of the city of Kingston, N. Y. The executor named renounced.

Following his death, Nona E. Maguire, a legatee, obtained possession of his will. Upon the petition of Theodore Keller and Peter B. Keller, brothers, and Mary Lovelace, sister of decedent, temporary letters of administration were issued by this court to N. LeVan Haver, of Kingston, N. Y. An order to examine the legatee in possession of the will was granted and served. She did not appear on the return day. An order to show cause why she should not be punished for contempt was granted. Upon the return date she appeared with her counsel. In the interim she had delivered the will to her counsel, and it was filed in the Surrogate's Court of New York County. It was stipulated in open court that the papers on file in New York county should be forwarded to the clerk of this court, and the question of jurisdiction tried out here.

Petition for probate was filed in this court by Peter B. Keller, a brother, a resident of Kingston, N. Y. The petition filed in New York county alleging residence there was made by Nona E. Maguire, a legatee, and it was agreed that it should be considered in this proceeding as controverting the position taken by the brother in support of the alleged residence of decedent at the time of his death in the county of Ulster.

The will, after reciting: " I, Frank E. Keller, residing at 441 Wilbur Avenue, Kingston, New York, and also occupying an apartment in New York City," leaves his personal effects to his brother Peter B. Keller, and to Juliana C. Mohr, of 170 Dean street, Brooklyn, N. Y., $6,000, with the request that she help the brothers of decedent if she finds them needy; to Nona E. Maguire the interest on one-half of the remainder of the estate; the balance to the sister and brothers of decedent.

The estate, which is all personal property, is estimated at $7,000 to $8,000. The $6,000 legacy to Juliana C. Mohr, together with the debts, funeral expenses and administration expenses already incurred and to be incurred will leave contestant with substantially no financial interest in the estate.

Before transfer taxes had reached the importance they have in this day the intention of the testator was given no little weight in the solution of a question such as here presented. Numerous decisions where the question of taxation between different jurisdictions was involved, and the efforts made to avoid income taxes have strained the rule as formerly laid down to the extent that the reported cases are not readily reconcilable.

In the instant case there are no tax complications. The testator was a native of Ulster county. For upwards of twenty-three years he had used two rooms in a walk-up apartment in the city of New York. Apparently in his later years the use of these rooms was for storage and work purposes; possibly as a place to sleep at times. The condition in which the rooms were kept did not suggest a continued use as a home or domicile. He stayed in Brooklyn at times. He kept his automobile in Brooklyn in a garage for which no rental was paid. All his mail was received at the Railroad Y. M. C. A. in the city of New York. He spent some time at his brother's, Theodore Keller, 441 Wilbur avenue, Kingston, N. Y., where he went with Nona Maguire generally for a day or two, and occasionally for a two weeks' period. He traveled to a considerable extent.

In addition to his expressed intent to maintain residence in this county, as set forth in his will, there is documentary evidence in the form of an automobile liability policy in the Utica Mutual Insurance Company, dated June 27, 1941, in which he gives his residence address as 441 Wilbur avenue, Kingston, Ulster county, N. Y. Also an application for an automobile license to the Motor Vehicle Bureau of the State of New York; license was issued September 14, 1940. In answer to the query as to his name he states, " Frank E. Keller;" and in answer to the query, " Give legal residence," he stated " 441 Wilbur Avenue, Kingston, New York." A false statement in an application of this character subjects the applicant upon conviction to punishment for misdemeanor. (Vehicle and Tr. Law, § 70, subd. 8.)

Under the circumstances here presented did decedent carry out his expressed intention of holding his residence in the county of Ulster for the purpose of probating his will, and the administration of his estate?

In *Matter of Daggett* (255 N. Y. 243) decedent, a married woman, living with her husband in Orange county in a house owned by the decedent, and spending part of her time in the city of New York, went to New York for hospital care where she died. She had described herself in her will as a resident of New York county. Her will was admitted to probate in New York county, and on appeal the decree of the Surrogate's Court was affirmed by the Appellate Division, First Department. The Court of Appeals reversed, holding that she resided with her husband in Orange county, and the Surrogate's Court of Orange County had jurisdiction.

In the course of the opinion written by Judge POUND of the Court of Appeals, it was said: " The word ' residence ' while it may not be for all purposes of probate synonymous with ' domicile ' (*Matter of Newcomb*, 192 N. Y. 238, 250), is identical in meaning so far as the question arising in this case is concerned. (*Ryall v. Kennedy*, 67 N. Y. 379, 386.) If Mrs. Daggett had been a single woman, she would have been free to select her own residence or domicile without let or hindrance; to elect between her country home and the city with no better reason than her desire to have her will proved and her estate settled in one county rather than another (*Matter of Newcomb, supra*), but she was a married woman and a married woman cannot, to suit her convenience or pleasure merely, create a legal residence for herself apart from that of her husband."

In *Matter of Wendel* (144 Misc. 467), Surrogate FOLEY was confronted with the question of jurisdiction as between New York county and Westchester county. Here decedent in her will had described herself as of Irvington, which is in Westchester county. The court reached the conclusion that, having established a residence in Westchester county, she later decided to change her residence back to New York county, and that the claimants had successfully met the burden of proof in establishing a change of domicile of testatrix to Westchester county in the year 1881; that during the last two years of her life evidence of declaration and conduct established a new change of domicile from Irvington whereby New York county superseded Westchester county. Presumption of continuance is but a rule of evidence which may be overcome by satisfactory proof sustaining a further change. It was there said: " She was entitled to choose between her Fifth avenue home and Irvington for any reason that seemed appropriate to her, provided the evidence of acts and purpose sustained the choice. She was ' free to select her own residence or domicile without let or hindrance; to elect between her country home and

the city with no better reason than her desire to have her will proved and her estate settled in one county rather than another.' (*Matter of Daggett*, 255 N. Y. 243 at p. 246, citing *Matter of Newcomb*, 192 N. Y. 236.) " Because of the fact that the testatrix in the *Wendel* case described herself in her will as of Irvington it was said that the words used were not specific statements of domicile but may be construed as words of sojourn or location.

In the instant case it will be remembered that the decedent's declaration was " residing at 441 Wilbur Avenue, Kingston, New York, and also occupying an apartment in New York City, New York." Here distinction is drawn between testator's designated residence in Kingston and the occupancy of an apartment in the city of New York. These were more than mere words of sojourn or location; they expressed the evident intention and desire to maintain his residence in his native county notwithstanding the fact that he did occupy an apartment in the city of New York, and the intention so expressed finds support in the insurance policy covering his automobile liability insurance written but two months prior to his death, and his verified statement in making application for an automobile license within a year prior to his death.

From the facts and circumstances in the instant case decedent succeeded in retaining his residence in the city of Kingston, Ulster county, N. Y.

Submit an order on notice accordingly sustaining the jurisdiction of this court, and holding that Frank E. Keller died a resident of the county of Ulster.